Filed Nov. 14, 1888.

No. 14,224.

DUESTERBERG ET AL. *v.* THE STATE, EX REL. CITY OF
VINCENNES.

INTERROGATORIES TO JURY.— *Withdrawal.—Right of Opposite Party to Demand Answers.*—Where relevant and material interrogatories have been submitted to the jury on the motion of a party, they can not be withdrawn if the opposite party objects, but the latter has a right to demand that they be answered, and it is error to refuse to require answers.

From the Knox Circuit Court.

*T. R. Cobb, O. H. Cobb, W. A. Cullop* and *G. W. Shaw,* for appellants.

*H. S. Cauthorn* and *J. M. Boyle,* for appellee.

ELLIOTT, J.—Five material and relevant interrogatories were submitted to the jury on the motion of the relator. The jury came into court with a general verdict, but did not answer any of the interrogatories. The appellants asked that the jury be required to answer the interrogatories and the relator asked leave to withdraw them. The court refused to require the jury to answer the interrogatories, received the general verdict and discharged the jury.

The trial court erred in refusing to require answers to the interrogatories propounded by the relator. The appellants had a right to require answers although the interrogatories were propounded by the adverse party. The party who secures the submission of interrogatories may not withdraw them after the return of the general verdict. When approved by the court and properly submitted to the jury they become a matter of interest to both parties and neither can deprive the other of a right to have answers returned by the jury. If it were otherwise, a party might be misled by relying upon interrogatories asked by his adversary. But we deem it unnecessary to pursue the discussion, for we think the question is settled against the appellee by our authorities. The result of the cases is thus stated by Mr. Works : " When the court has submitted proper interrogatories to the jury, the parties have the right to have them answered, and they can not be withdrawn without the consent of the parties." 1 Works Pr., section 863. In another work it is said : "And this is true even though the party requesting their submission agree to their withdrawal, if the opposite party objects ; for either has a right to insist that they be answered." Thornton Juries, section 372. In *Sage* v. *Brown*, 34 Ind. 464, it was said : " It was the province of either party to demand that the special verdict should be properly signed, and that the questions should be answered." It was held in *Peters* v. *Lane*, 55 Ind. 391, that it was error to refuse to compel more specific answers to interrogatories, although the

interrogatories were submitted by the appellees and not the appellants. We need not, however, comment upon the decisions in detail; it is enough to say that the current of opinion is, that when once the interrogatories have been submitted to the jury, under proper instructions, neither party has exclusive control over them. *Wood* v. *Ostram*, 29 Ind. 177; *Noakes* v. *Morey*, 30 Ind. 103; *Otter Creek, etc., Co.* v. *Raney*, 34 Ind. 329; *Maxwell* v. *Boyne*, 36 Ind. 120; *Pitzer* v. *Indianapolis, etc., R. W. Co.*, 80 Ind. 569; *Summers* v. *Greathouse*, 87 Ind. 205; *Groscop* v. *Rainier*, 111 Ind. 361.

The relevancy and materiality of the interrogatories clearly appear. There is no room for debate upon that subject. The general verdict could not have been rendered without an investigation of the facts embraced by the interrogatories.

Judgment reversed, with instructions to sustain the appellants' motion for a new trial.

Filed June 28, 1888; petition for a rehearing overruled Nov. 15, 1888.