NICHOLS, SHEPARD & COMPANY *vs.* HENRY WADSWORTH.

May 31, 1889.

**Breach of Contract by Agent—Liability to Principal—Subrogation.**
Under a contract of agency for the sale of machinery, wherein it was stipulated by the defendant that he would not deliver the possession to any purchaser or other person, or permit the use of any machinery intrusted to him, until the same was fully paid for in cash or notes, and in case he did so that he would be directly responsible for the payment of the price thereof with interest, *held*, that upon a breach of such contract by defendant a cause of action arose in plaintiff's favor for the contract price of machinery so delivered; and upon payment therefor to the plaintiff by defendant, as required by the contract, the defendant might be subrogated to the rights of the plaintiff in respect to such machinery.

**Same—Agent's Fraud on Third Person—Effect of Judgment in Suit between Third Person and Principal.**—Where the plaintiff was defeated in an action upon a contract for the sale of machinery made in its behalf by defendant as its agent, on the ground of his alleged fraud in procuring the contract, such contract appearing upon its face to be in conformity with plaintiff's instructions, *held*, that, if the allegations of fraud are true, such contract also operated as a fraud upon the plaintiff, and rendered defendant liable to it for the costs and damages sustained in consequence thereof; but that, in an action therefor against defendant, the latter not being a party to the former suit, the allegations of fraud must be established by plaintiff, as well as the fact that the issue thereon was litigated and determined in the former suit; and that the judgment record therein was only evidence, as against defendant, of the fact of the recovery, and the amount thereof, and the issues raised by the pleadings in that action.

**Trial—Failure of Jury to Answer Special Questions—Effect on General Verdict.**—Where the jury were directed by the court to find specially in answer to certain material questions submitted to them for their consideration, and the jury bring in a general verdict without answering them, the court is not at liberty, without the consent of the parties, to withdraw or disregard them; and, if not finally answered, it will be held equivalent to a finding, as to the matters involved therein, against the party having the burden of proof.

Appeal by defendant from an order of the district court for McLeod county, *Edson*, J., presiding, refusing a new trial.

*R. H. McClelland,* for appellant.

*Willis, Nelson & Speel,* for respondent.

VANDERBURGH, J.   The record discloses the following facts:   The plaintiff is a manufacturer of farm machinery at Battle Creek, Mich. In May, 1886, the defendant entered into the written contract with it, described in the complaint, under which he undertook to act as its agent for the sale of its machinery on commission, which contract contained the following stipulation:   "The party of the second part expressly agrees that he will not deliver any of said machinery, or part of same, to any customer or other person, nor use or permit the use of same, before it is fully settled for by cash or note and mortgage, as herein required.   In case of the violation of the foregoing paragraph, said party of the second part agrees to pay said party of the first part the full price of said machinery, together with interest at 10 per cent. per annum from the day of delivery, and waives all claims under warranty, and agrees to protect the party of the first part from all claims on any machinery so delivered without settlement; and further agrees to pay said party of the first part for any service rendered, or costs or expenses incurred, by said first party on such machinery."   It is clear, from an inspection of these provisions of the contract, that upon the breach by defendant of the conditions in respect to the delivery of machinery without a settlement therefor, a cause of action for the price thereof arose against him, and upon the payment thereof the defendant would be subrogated to the plaintiff's rights to recover such machinery, or the price thereof.   The answer admits the execution of a contract for the sale of machinery containing these provisions.   The action is brought for a breach thereof on defendant's part, and to recover of him the price of machinery alleged to have been delivered in violation of the agreement, and for other damages.   The plaintiff secured a verdict, and from an order denying a new trial defendant appeals; and his assignments of error relate exclusively to the reception of evidence over his objection, and certain instructions of the court to the jury. No question is made upon the pleadings, or as to the sufficiency of the evidence to support the verdict.

The first assignment of error relates to the admission of the con-

tract in evidence. But the most material part of it was admitted by the answer, and the defendant, who was sworn as a witness, acknowledged that he signed the one shown him, and that he held a duplicate, which he refused to produce, but stated that the one offered had been altered since signing by the addition of a "slip." But the record does not show what this was, or how the contract was affected by it. We are unable to say that there was any error, and there certainly appears to have been no prejudice from its admission. The same remark applies to the second assignment of error, in respect to the proof of a written demand upon defendant for a settlement before suit was brought.

The third, fourth, fifth, and sixth assignments relate to the second cause of action set forth in the complaint, under which plaintiff claims to recover the costs and expenses of an abortive attempt by suit to collect the price of a machine contracted by defendant as agent of the plaintiff to one Corniea, and to whom plaintiff alleges such machine was delivered by defendant in violation of the contract of agency. The contract with Corniea, as made, was in due form, as required by defendant's contract with plaintiff, but the execution of the same by him is alleged to have been fraudulently procured by the defendant, and plaintiff's action thereon was on that ground successfully defended by Corniea, and judgment for costs recovered against the plaintiff. Before that suit was brought the defendant notified the plaintiff by letter that Corniea had taken away the machine, and assured the plaintiff "that he [Corniea] ordered the thresher as indicated in his order." The plaintiff was thereupon induced to bring suit against Corniea upon his contract, to recover the price of the machine. If the allegations of the complaint herein are true, the result and consequent damage to plaintiff are to be attributed to the fraud of the defendant, which misled both Corniea and this plaintiff; and hence the evidence offered by the plaintiff on this branch of the case, the reception of which was excepted to by defendant, was competent and material. That is to say, the judgment record was competent to prove the fact and amount of the recovery, and the issues raised by the pleadings; and the testimony of witnesses was proper to show that the particular issue in question

was litigated upon evidence introduced in that action. As the defendant was not a party to that action, it was necessary that the same facts should be alleged and established under pleadings and evidence in this action, and such were the allegations and proofs in plaintiff's behalf herein. If the testimony left it in doubt whether the decision on the former trial turned upon the issue referred to, it would be a question for the jury, to be determined under instructions by the court, and the defendant should have requested the proper instructions in the premises; and so, also, if the evidence was insufficient to support the verdict, that point might have been raised upon the motion for a new trial, and reviewed in this court upon the proper assignment of error.

As the evidence conclusively showed that the price of the machine was $475, it was not error for the court to instruct the jury that, in case they found for the plaintiff, it was entitled to that amount under the contract of agency, with 10 per cent. interest; and as the jury upon that issue returned a verdict for $372 only, with interest, defendant has nothing to complain of on that score.

If there was any error in giving the first and second instructions asked by the plaintiff, it was cured by the special findings in answer to questions submitted to the jury by the defendant's request, wherein they find that the separator and fixtures in question were sold to Corniea, and that he was authorized to take and remove them by the defendant before settling therefor.

In the general verdict the jury "find for the plaintiff, and assess his damage as follows: $372 for the separator; $100 damages for costs and attorney's fees in former suit; $84.80 interest." The amount allowed for interest is fully warranted by the terms of the contract, under the charge of the court, being 10 per cent. upon $372 from the time of the delivery of the separator to Corniea to the date of the trial. But in respect to the item of $100 for costs and expenses in the former suit, the jury failed to return any answer to certain specific questions proposed by the attorney for the plaintiff, and submitted to the jury by the court, and directly bearing upon the issue on that branch of the case involving the question of the alleged fraudulent conduct of the defendant in obtaining the contract with

Corniea. The verdict for $100 damages for the costs of the former suit was wholly unwarranted, unless the jury found in plaintiff's favor upon these questions. The court should therefore, in pursuance of defendant's request, have called the attention of the jury to the omission, and have resubmitted those questions to them, and, if they were unable finally to agree thereon, it would be construed as equivalent to a finding against the plaintiff, since the burden of proof was with it. After having been submitted to the jury in connection with the charge, neither the plaintiff nor the court were at liberty to withdraw them, against the consent of the defendant, when the jury came in to render their verdict, but the defendant was entitled to a finding thereon; and the practice pursued by him upon the coming in of the verdict, and before the jury was discharged, was proper. *Duesterberg* v. *State*, 116 Ind. 144, (17 N. E. Rep. 624.)

As the verdict now stands, with these questions which the jury were instructed to answer, and which we must presume they considered, remaining unanswered, the only fair construction and safe rule to adopt is to hold, for the purposes of this case, that the jury did not find in plaintiff's favor as to the special matters therein involved, notwithstanding the general verdict. *Sinker* v. *Green*, 113 Ind. 264, (15 N. E. Rep. 266.) This point is, we think, covered by defendant's tenth and eleventh assignments of error. The result is that there must be a new trial, unless the plaintiff consents to strike out from the verdict the sum of $100, and take judgment for the balance. The case is therefore remanded, with directions to the district court to grant a new trial, unless the plaintiff will consent to remit that sum from the amount of the verdict.