SANDWICH ENTERPRISE COMPANY v. A. L. WEST.

FILED NOVEMBER 20, 1894. No. 5792.

1. **Review:** CONFLICTING EVIDENCE. A verdict rendered on conflicting evidence will not be disturbed.

2. **Trial:** SPECIAL FINDINGS: GENERAL VERDICT: JUDGMENT. Where the jury are directed to find specially in answer to certain material questions submitted to them for their consideration, and the jury returned a general verdict without answering such questions, it is error for the court to enter judgment on the general verdict against the objection of the unsuccessful party.

ERROR from the district court of Hayes county. Tried below before COCHRAN, J.

*Moore & Hart, J. E. Cochran,* and *Cobb & Harvey,* for plaintiff in error, cited: *Doom v. Walker,* 15 Neb., 339.

*J. W. Cole, contra.*

NORVAL, C. J.

Plaintiff in error was plaintiff in the court below. The petition sets up four causes of action. The first is upon an account for goods, wares, and merchandise amounting to $11.43, sold and delivered by the plaintiff to the defendant. The other three counts, or causes of action, set forth in the petition are based upon three promissory notes executed by the defendant, described as follows: One for $164.24, given on the 24th day of April, 1889, due April 1, 1890; one for $200, dated March 14, 1889, maturing July 1, 1890, and the other for $183.98, executed March 14, 1890, due May 15, 1890. All of said notes drew interest at the rate of ten per cent per annum from the date thereof. The defendant in his answer admits the execution and delivery of the notes declared on and the correctness of the account, and by way of set-off and counter claim alleges: (1) That the notes described in the petition have been in part paid by a promissory note executed by one L. A. Weakley to the defendant, and by the latter assigned to the plaintiff, amounting to $350, and ten per cent interest thereon, for which note plaintiff has not given defendant credit; (2) that defendant turned over to plaintiff a promissory note signed by one Fisher for the sum of $167 and interest, which should be applied on plaintiff's causes of action, while but $17 has been so credited; (3) that defendant and plaintiff entered into a contract whereby defendant was to have the exclusive right to sell the Enterprise windmills and other machinery in Hayes county; that most of the indebtedness sued on in this action was for windmills of said manufacture; that subsequent to the making of said contract, and prior to the bringing of this

suit, plaintiff violated said contract by itself and agents, against the wishes and consent of the defendant, selling and disposing of said windmills in said county, to the damage of the defendant in the sum of $500. All new matter pleaded in the answer is denied in a reply filed by the plaintiff.. There was a trial to a jury, with verdict and judgment against the plaintiff for the sum of $14.85.

A number of errors are assigned in the petition in error, but the first one we shall notice, relates to the sufficiency of evidence to support the verdict and judgment. The defendant's answer admits the validity of plaintiff's demands; and at the time of the trial the four causes of action stated in the petition aggregated, including interest, $647.61. The contention of the plaintiff is that the total amount of defendant's set-offs and counter-claims established on the trial was considerably less than the sum admitted by the defendant to be due the plaintiff. It is undisputed that plaintiff received of and from the defendant the L. A. Weakley note mentioned in the answer, but there is a sharp conflict in the testimony as to the conditions upon which the same was received. The defendant's testimony goes to show that it was turned over as payment upon his indebtedness. A clear preponderance of the proof, however, is to the effect that it was left by defendant as collateral security to the claims held by plaintiff at the time the $200 and $183.98 notes were given by defendant. There being evidence to support the defendant's theory upon this point, and his right to set off the Weakley note being conceded by the plaintiff in the brief filed, the defendant will be credited with the amount due on said note at the date of the trial, the same being $359.72.

We will now consider the right of the defendant to set off in this action the Fisher note of $167. Upon this branch of the case the defendant testified on direct examination, in substance, that the plaintiff held his note for $151.28, and the Fisher note was delivered to the company

as collateral thereto; that plaintiff collected the Fisher note through the Hitchcock County Bank and credited defendant with $17 and some cents on the book account, but never returned to defendant his note for $151.28, although he has demanded the same of the company and its agent; that he does not know where the note is. Upon cross-examination the defendant stated that the agreement was that the proceeds of the Fisher note, when collected, should be applied on the defendant's note for $151, which was given in 1887, but at the trial was long past due; that after the Fisher note was collected defendant had a settlement of the matter with the company through Mr. Gregory, its agent, by the terms of which the money delivered for the payment of the Fisher note was applied in satisfaction of defendant's note of $151, and he was likewise credited with the sum of $17 by the company on book account; that the agreement at the time was that the $151 note was paid, that he did not receive said note, because Mr. Gregory did not then have the same with him. Upon the defendant's testimony alone, when considered apart from that introduced by the plaintiff, it is obvious that there is no merit in the claim made in the answer to have the Fisher note set off against plaintiff's causes of action.

We will next consider the claim of the defendant for $500 as damages for the violation by the plaintiff of its agency contract with the defendant for the sale of windmills in a certain territory. It is plain that a portion of said claim for damages was allowed by the jury, and the question is raised whether it should have been allowed under the evidence adduced on the trial. That defendant at one time was the agent of the plaintiff for the sale of their windmills in Hayes county is not denied, but it is insisted by plaintiff that no exclusive agency was ever given the defendant. The defendant testified, positively and unequivocally, that in 1886 he was appointed by the plaintiff agent for the sale of its windmills, cultivators, etc., which agency

continued for a period of four years; that he was given the sole or exclusive agency of Hayes county for the sale of plaintiff's goods, and he understood no one else had the right to sell its goods in said county; that during the continuance of defendant's agency, Coleman Bros., of McCook, who were plaintiff's agents for Hitchcock county, sold and erected in Hayes county thirty mills of plaintiff's manufacture; that there was a profit from $15 to $20 to the agent on each mill sold; that Coleman Bros.' agency did not include Hayes county; that he never informed plaintiff that they were selling mills in Hayes county, although he was aware of such fact when he executed the notes sued on, and that he never made any claim to the company for damages on account of such sales. The plaintiff introduced the testimony of two witnesses taken by deposition, which is to the effect that the defendant was appointed agent for the sale of windmills in Hayes county, but he was not given the exclusive right to sell plaintiff's machinery in said territory; that it did not establish any other agency, or authorize any one to sell windmills in Hayes county or vicinity during the time the defendant represented the company. The plaintiff also introduced in evidence a letter written by defendant on May 8, 1891, just prior to the bringing of this suit, in which he offered to convey certain lands in payment of his indebtedness to the plaintiff. While, perhaps, the preponderance of the testimony on this branch of the case is with the plaintiff, inasmuch as there is evidence in the bill of exceptions reasonably tending to support the claim of the defendant for damages, the finding of the jury in his favor on the question of breach of contract will not be disturbed as being against the evidence. It is evident that the verdict was the result of a compromise. The defendant was entitled at least to $450 on his counter-claim for damages, which added to the amount due on the Weakley note, namely, $359.72, makes $809.72. This last sum subtracted from the aggregate amount of

plaintiff's causes of action leaves $162.11, for which sum the defendant was entitled to a verdict, if for anything. The plaintiff, however, cannot complain of the smallness of the judgment returned against it.

There is but one other question that need be considered, which is one of practice. Upon the trial the court submitted to the jury seven requests for special findings of fact, five at the instance of the plaintiff and two at the defendant's request. Those submitted on motion of the defendant and three of the plaintiff's were answered by the jury; but the other two requested by the company, the fourth and fifth, were returned unanswered. Counsel for plaintiff at the proper time objected to the court receiving the general verdicts, on the ground that the jury had failed to answer all the interrogatories submitted to them by the court at plaintiff's request, which objection was overruled, and an exception was taken. This ruling of the court is assigned for error. In an unbroken line of decisions it has been held that it is within the sound discretion of the trial court to submit or refuse to give to the jury questions for special findings of fact. It does not follow, however, that it is discretionary with a jury to answer, or decline to do so, special interrogatories submitted to them by the court, and that it is not reversible error for the court, after having directed special findings to be returned, to receive a general verdict where all the questions propounded to the jury have not been answered by them. The precise point of practice presented by this record was discussed and passed upon in *Doom v. Walker*, 15 Neb., 339. We quote from the syllabus of the opinion as follows: " When, under the provisions of section 293 of the Code of Civil Procedure, the court shall have instructed the jury that if they render a general verdict to find upon particular questions of fact, stating the same in writing, and directing a written finding thereon, the jury shall fail to agree to a finding upon the whole or part of such questions but shall find a general verdict, it is

error on the part of said court, over the objection of the defendant, against whom is the said general verdict, to receive such verdict, and judgment thereon will be reversed." The failure of the jury to answer immaterial questions for special findings will not lead to a reversal of the case (*Missouri P. R. Co. v. Vandeventer*, 26 Neb., 222); but when a general verdict is returned, and the jury fail to answer special interrogatories, which are material under the pleadings and evidence, the verdict cannot be sustained. The interrogatories which were not answered by the jury were as follows:

"4. Did the plaintiff appoint any other agent in Hayes county, Nebraska, for the sale of Enterprise windmills during the alleged agency of the defendant?

"5. Do you find that the defendant assented to the sale of windmills by Coleman Bros. in Hayes county, during the time he claimed an agency therefor."

These questions were material. They were not covered by any of the interrogatories answered. It follows that the judgment rendered on the verdict is erroneous.

REVERSED AND REMANDED.