[Civ. No. 1143.   First Appellate District.—June 3, 1913.]

## C. F. VAN DAMME, Respondent, v. THE McGILVRAY STONE COMPANY (a Corporation), Appellant.

TRIAL—SPECIAL INTERROGATORY—REFUSAL OF JURY TO ANSWER—WAIVER—NEW TRIAL.—Where a jury, in returning a general verdict for the plaintiff, expressly declines to answer a special interrogatory which has been submitted, and the court offers to send the jury back if counsel for the defendant desires, but he replies, "the record shows that they have declined to find upon it," whereupon the jury is discharged, the right of the defendant to have the interrogatory answered is waived, and he is not entitled to a new trial because of the jury's refusal to find.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing a new trial. B. V. Sargent, Judge presiding.

The facts are stated in the opinion of the court.

Gavin McNab, B. M. Aikins, and A. H. Jarman, for Appellant.

Henry A. Jacobs, James M. Oliver, Charles W. Lynch, and Lynch & Drury, for Respondent.

MURPHEY, J., *pro tem.*—This is an appeal from an order of the superior court of the state of California in and for the city and county of San Francisco denying the defendant's motion for a new trial.

The action is for the recovery of damages resulting from the killing of three horses of the respondent, alleged to have been caused by the reckless, negligent, and careless operation of a derrick, whereby a high voltage trolley wire was struck and broken by the derrick, and in falling came in contact with respondent's horses, instantly killing them.

At the conclusion of the trial, which was had with a jury, and in submitting the case the court concluded its charge as follows: "If you return a general verdict in favor of plaintiff you will also return your verdict on the special issue which I now submit to you as follows: At the time when the trolley wire broke on the 19th of August 1907, were defendant's employees operating the derrick negligently, recklessly, and carelessly?"

Upon returning into court with the verdict the following proceedings were had, quoting from the bill of exceptions as prepared by the appellant and settled by the trial judge:

"The Clerk: Gentlemen of the jury, have you agreed upon a verdict?

"(Clerk receiving verdict from foreman and handing it to the court.)

"The Court: That is the only verdict you brought in?

"Mr. Morris (the foreman): The jury declined to answer the other question.

"The Clerk: Gentlemen of the jury, listen to your verdict as it now stands recorded: 'We, the jury in the above entitled cause, find a verdict for the plaintiff for the sum of $900.'

"Mr. Jarman: I would like to have the jury polled.

"The Court: Poll the jury.

"(All the jurors answer that the above verdict is his verdict.)

"Mr. Jarman: Q. Was there any finding upon the special issue?

"The Court: They declined to find upon that question. Do you desire that they should find on it? If so, will send them back.

"Mr. Jarman: The record shows that they declined to find upon it.

"The Court: Let the record show that the jury declined to find upon that subject.

"Jury discharged."

In addition to the above, affidavits were filed by the respective counsel as to this matter. These were filed and used on the motion for a new trial; but as we view the matter they shed no additional light on the question, and serve no useful purpose in determining the real point in controversy.

For the sole reason that the jury declined to find on the special interrogatory submitted by the court the appellant contends that it is entitled to a new trial.

We are unable to agree with this contention. On the face of the record argument seems superfluous. It creates an abiding conviction that the matter was permitted to stand as originally returned by the jury with a view of thereafter reaping any technical advantage that might result by reason of the situation. The parties should be compelled to resort to a new trial only after all the resources of the court administered within the law have been exhausted in a conscientious effort to finally determine all the questions at issue in any pending litigation. A fair interpretation of the proceedings above set out leads inevitably to the conclusion, as it appears to us, that the appellant waived the right to have the jury pass upon the particular interrogatory submitted to it. Certainly the widest latitude of construction would not warrant us in holding that the conduct and language of appellant's counsel amounted to an objection to the course pursued by the trial court. To resolve either of these alternatives against the appellant is to sustain the verdict of the jury and affirm the action of the trial court in refusing another trial.

If the defendant's counsel waived by his conduct or language the right to insist upon an answer to the question; or if

22 Cal. App.—13

he failed at the opportune time to object to the acceptance and recordation of the verdict, he cannot at this time be heard to complain.    He contends that he had no knowledge prior to the recordation of the verdict that the jury had not found upon the particular interrogatory submitted.    The record not only does not substantiate this position, but is directly contradictory thereof.    Upon receiving the verdict from the foreman the court questioned: ''That is the only verdict you brought in?'' to which question, and before the verdict was returned to the clerk to be recorded in the minutes, the foreman replied, ''The jury declined to answer the other question.''

We are of the opinion that it would be immaterial whether he received this information before or after the announcement by the clerk of the formal recordation of the verdict.    We are fully satisfied that the court retains entire control of the proceedings up to the time that the jury is finally discharged from further consideration of the case, and that had the jury been returned to the jury-room for further deliberation, as suggested by the court, after the formal announcement by the clerk that the verdict was recorded, no substantial error would have resulted, and neither side thereafter could have successfully predicated error on the action of the court.

While our attention has been called to no case wherein the courts of last resort in this state have passed upon the direct question in controversy here, there is an abundance of authority in other jurisdictions involving identically the same principle, and they in our judgment are controllingly sound.

In the case of *City of Guthrie* v. *Thistle,* 5 Okl. 517, [49 Pac. 1003], the court says: ''If the plaintiff in error proposed to avail himself of the failure of the jury to make a finding on the twenty-third interrogatory, it should have been done at the time that the special findings of fact were returned by the jury.    A failure to object to the return of special findings of fact, and permit the jury to be discharged without specifically answering the inquiries which they had neglected or failed to answer, or had overlooked, is the waiver of the right to an answer.    The application should have been made to the court to require an answer, and an exception taken at the time of the application had been overruled.''

In the case of *Vater* v. *Lewis*, 36 Ind. 288, [10 Am. Rep. 29], the court says: "The jury were directed, if they found a general verdict, to return answers to certain interrogatories propounded by the defendant.    They found a general verdict, and returned answers to the interrogatories, but the answers were not signed by the jury or the foreman, and the jury were discharged without objection.    Afterward the defendant moved for a 'venire *de novo*' because the jury had not signed the answer to the interrogatories, but the motion was properly overruled.    The defendant should have objected to the discharge of the jury until the answers were signed, and failing to do so he cannot object that answers were not returned to the interrogatories.    He should have insisted that the jury be required to return answers properly signed before being discharged."

And in *Bradley* v. *Bradley*, 45 Ind. 67, 72, the court says: "If the answers to the interrogatories were not full and responsive, the appellant should have objected to the discharge of the jury and insisted that they should be sent out and required to answer further.    Neither of these things was done, and the appellant cannot be heard to complain."

The authorities relied upon by appellant are not in point, and do not assist the court in the determination of the vital question involved here.

In the case of *Plyer* v. *Pacific Portland Cement Co.*, 152 Cal. 125, [92 Pac. 56], the question under consideration involved the right of the trial court to refuse to submit certain special findings when properly requested in accordance with the provisions of section 625 of the Code of Civil Procedure, as amended in 1905.

In *O'Connell* v. *United Railroads*, 19 Cal. App. 36, [124 Pac. 1022], the jury returned that it was unable to agree upon answers to certain particular questions of fact submitted, and the court was required to determine the effect of such disagreement; and in the case of *Stein* v. *United Railroads*, 159 Cal. 368, [113 Pac. 663], the question turned on the erroneous conclusion of the trial court that certain proposed particular questions of fact were immaterial.

Other citations of appellant but confirm the views herein entertained and expressed, that error can be predicated only when the trial court refuses, in the face of proper objection

and in the absence of waiver, to exercise its powers to effect a complete determination by the jury, by either answering or expressing its inability to agree upon an answer to questions submitted to it for determination.

The cases of *Duesterberg et al.* v. *State,* 116 Ind. 144, [17 N. E. 624]; *Doom* v. *Walker,* 15 Neb. 339, [18 N. W. 138]; *Sandwich Enterprise Co.* v. *West,* 42 Neb. 722, [60 N. W. 1012]; and *Nichols, Shepard & Co.* v. *Wadsworth,* 40 Minn. 547, [42 N. W. 541], cited by appellant, are illustrative of this point. In these cases the defeated party made timely objection to the acceptance by the court of the general verdict in the absence of proper answers to special interrogatories submitted to them for determination. It is earnestly contended by appellant that where there is a "willful refusing" on the part of the jury to follow the plain instructions of the court, and where it has been "finally determined that a jury will not answer an interrogatory," then in that case it will be a wholly idle, useless, and silly demand to ask the court to require an intelligent jury acting conscientiously to return to the jury-room for the purpose of answering the interrogatories.

The fallacy of this argument lies in the unwarranted assumption that the jury had "willfully refused" to answer or had "finally determined" not to answer. We have no doubt but that had the suggestion of the court been accepted and acted upon, and the jury returned for further deliberation, the entire controversy would have been speedily and finally determined. It is conceded by the appellant that the gist of the action was contained in the special interrogatories; and if we were to indulge in speculation we would say that an intelligent jury, having found in the general verdict the real issue made by the pleadings that the defendant had "negligently, recklessly and carelessly" operated the derrick to the plaintiff's damage, considered it a wholly idle and useless act to find the same fact again in the form of the special interrogatory. This probably rather than the illogical situation and embarrassing position that would result from a request to resubmit, is the real solution of the difficulty and the controlling reason actuating counsel in refraining from making an immediate demand that the jury finally pass upon all the issues submitted to them by the court. Such embarrassment,

if it exists, as the situation engendered is but an incident of the jury system, and must be assumed when occasion demands in order that litigation may be terminated without unnecessary and needless further proceedings.

The order is affirmed.

Lennon, P. J., and Hall, J., concurred.