[S. F. No. 7299. Department Two.—March 20, 1918.]

## SUSIE BENSON, Respondent, v. SOUTHERN PACIFIC COMPANY (a Corporation), et al., Appellants.

TRIAL—VERDICT AGAINST ONE ONLY OF TWO DEFENDANTS—EFFECT AS TO CODEFENDANT.—A verdict against one of two defendants is not a verdict in favor of the codefendant as to whom it is silent, but as to the latter it is merely a failure of the jury to find upon the issues.

NEGLIGENCE—RAILROADS—INJURY TO PEDESTRIAN—EMPLOYER AND EMPLOYEE—RAILWAY COMPANY AND MOTORNEER AS JOINT TORTFEASORS.—Where, in an action against a railroad company and a motorneer employed by it, in which damages are sought for injuries to a pedestrian, the complaint is framed in part upon the theory of negligence of the motorneer, and the responsibility of the company therefor, as employer, the negligence alleged consisting of the operating of the train at an excessive rate of speed, in so far as this was done without direction of the company as employer, it would be liable therefor, only under the rule of *respondeat superior;* but if the negligent speed was sustained by the express direction of the employer, the latter would, on that account, be negligent, and its negligence would concur with that of the employee who obeyed the instruction by operating at such negligent speed, and the right to recover against the employer and the employee would be joint.

ID.—JOINT TORT-FEASORS—ONE DEFENDANT, WHEN NOT PREJUDICED BY FAILURE TO FIND AGAINST CODEFENDANT.—If a verdict against the company, employer, in such case is based upon the view that the train was being operated at a negligent speed in obedience to

the company's orders, the company would not be prejudiced by failure to find a verdict against its codefendant, the motorneer, the responsibility of the parties in that case being joint, and a verdict in such case against the company alone may stand, although the instructions of the court to the jury were to the effect that they could not find in favor of the plaintiff against the company, unless they found that the defendant employee was guilty of negligence.

ID.—INTENDMENTS IN FAVOR OF VERDICT—JOINT LIABILITY.—Under the rule that all intendments are in favor of a verdict, where in such case the jury found a verdict against the employer, and found no verdict one way or the other as to its codefendant, the employee, it must be considered that the jury based its verdict upon a finding of joint liability, unless there is something in the record which prevents that conclusion.

ID.—FAILURE TO FIND ON ISSUE—WAIVER OF ERROR.—Where the jury in such case failed to bring in a verdict for or against the defendant employee, the error, if any, was waived by the failure to call the court's attention to the matter at the time when the verdict was returned, in order that it might have been corrected before the jury was discharged.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. W. H. Waste, Judge.

The facts are stated in the opinion of the court.

A. A. Moore, and Stanley Moore, for Appellants.

R. L. Leatherwood, and Aitken & Aitken, for Respondent.

WILBUR, J.—This is an appeal from judgment and order denying a new trial. Plaintiff sued the defendant company and its motorneer to recover damages for the death of her infant child, caused by a train of the defendant company, operated by the defendant motorneer. The verdict in the case was against the defendant Southern Pacific Company, and no reference was made therein to the other defendant, the motorneer. The defendants appeal, and it is claimed that the judgment and order must be reversed because of the failure to find upon the issue of liability of the defendant motorneer. It has been held in this state that a verdict of the jury against one of two defendants is not a verdict in favor of the other defendant (*Rankin* v. *Central Pacific*

*R. Co.*, 73 Cal. 93, [15 Pac. 57]; *Benjamin* v. *Stewart*, 61 Cal. 605), but as to him is merely a failure of the jury to find upon the issues. Appellants' claim of error is based upon the contention that the only liability alleged in the complaint or shown on the trial on the part of the defendant company is the liability for the negligence of its motorneer upon the rule of *respondeat superior*, and that if the jury were unable to agree that the motorneer was guilty of negligence, it could not properly hold his employer liable. The defendant company bases its claim that the error was prejudicial, in part, upon the doctrine that where it is held responsible for the negligence of its employee, it has an action over against the employee to indemnify itself for such loss, and is therefore interested in the determination of that question. As is well stated in appellants' brief: "The initial premise to be established by the appellant is that the two defendants herein sued are not joint tort-feasors in the generally accepted sense. Where the liability of one defendant is occasioned solely by the operation of law, *and where this defendant is not an active participant in the actionable negligence alleged in the complaint*, but is held under the doctrine of *respondeat superior* for the acts of its servants, such defendants are in no sense joint tort-feasors." The complaint in this case is obviously framed in part upon the negligence of the defendant employee, and the responsibility of the employer therefor. It is, however, alleged in the complaint that the defendants were negligent in operating the train at an excessive speed in a crowded thoroughfare. In so far as this was done without express direction of the employer, it would be liable, therefor, only on the rule of *respondeat superior*. If, however, the negligent speed was maintained by the express direction of the employer, the latter would on that account be negligent, and its negligence would concur with that of the employee who obeyed the instruction by operating at such negligent speed, and the right to recover against them would be joint. In *Chesapeake & Ohio R. R. Co.* v. *Dixon*, 179 U. S. 131, 139, [45 L. Ed. 121, 21 Sup. Ct. Rep. 67, 71], the court, in passing upon a somewhat similar question, said: "The negligence may have consisted in that the train was run at too great a speed, and in that proper signals of its approach were not given; and if the speed was permitted by the company's rules, or not

forbidden, though dangerous, the negligence in that particular and in the omission of signals would be concurrent.'' In the case of *Bradley* v. *Rosenthal*, 154 Cal. 420, [129 Am. St. Rep. 171, 97 Pac. 875], where the verdict was in favor of the employee and against the employer, the judgment was reversed, but the opinion makes it clear that the court was dealing with an act of an agent *"which the principal did not direct and in which he did not participate,* where, thus, his responsibility is simply the responsibility cast upon him by law by reason of his relationship to his agent,'' and cites with approval the statement in Cooley on Torts (third edition, volume 1, page 255), in which the distinction between negligent acts of the servant done by direction of the principal and on his own initiative is clearly pointed out. In the instant case evidence was introduced on the trial tending to prove that the train was being operated on schedule time and at a rate of speed predetermined by the defendant corporation. If the verdict was based upon that view of the case, the responsibility of the parties defendant being joint, the defendant company would not be prejudiced by the failure to find against its codefendant. All intendments being in favor of the verdict, it must be considered that the jury based the same upon a finding of joint liability, unless there is something in the record which prevents that conclusion.

Appellants point out that instructions were given by the court to the effect that the jury could not find in favor of the plaintiff and against the railroad company unless they found *that the defendant employee was guilty of negligence.* If, however, the jury determined that the defendant employee was guilty of negligence in operating the train at an excessive speed, in obedience to the orders of the defendant company, then, under the instructions, the verdict can stand, although there was a failure to *find a verdict* against the defendant employee.

Respondent claims that if the defendants desired to take advantage of the jury's failure to bring in a verdict for or against the defendant employee, the attention of the court should have been called to the matter at the time when the verdict was returned, in order that it might have been corrected before the jury was discharged. The code expressly

provides for the sending out of the jury where the verdict announced fails to determine the issue submitted. In the case of *Van Damme* v. *McGilvray Stone Co.*, 22 Cal. App. 191, [133 Pac. 995], the jury brought in a general verdict against the defendant, but "the jury declined to answer" the question specially submitted as to whether or not the employees, for whose negligence the plaintiff sought to hold the defendant, were negligent. It was held that the error was waived by a failure to request that the jury be directed to find on that issue. For the same reason it must be held that the defendants waived the error, if any, committed here.

Judgment and order affirmed.

Melvin, J., and Victor E. Shaw, J., *pro tem.,* concurred.

Hearing in Bank denied.