[L. A. No. 4162.    Department One.—April 15, 1918.]

E. ASEBEZ, Respondent, v. R. L. BLISS, Cross-complainant
and Appellant; ALVIN HITCHCOCK, Cross-defendant
and Respondent.

PRACTICE — PLEADING — CROSS-COMPLAINT BRINGING IN THIRD PARTY —
VERDICT—FAILURE TO FIND AS TO CROSS-DEFENDANT—WAIVER OF
DEFECTS.—Where, in an action for the purchase price of certain
cattle, the defendant by cross-complaint designated as a cross-
defendant a third party, who, although the record does not disclose
that he was served with, or answered, the cross-complaint, appeared
by counsel at the trial, and the jury found a verdict in favor of
the plaintiff against the defendant without finding on any of the
issues raised by the defendant's cross-complaint, if the verdict was
defective in these respects, the defendant waived such defects by
failing to call the attention of the court to the same before the jury
was discharged, so that it might retire and correct its verdict as
provided by section 619 of the Code of Civil Procedure.

ID. — VERDICT FOR PLAINTIFF — EFFECT ON DEFENDANT'S CROSS-COM-
PLAINT.—In such case a verdict in favor of the plaintiff against the
defendant for the amount claimed in plaintiff's complaint was of
necessity a finding against the defendant that no cause of action
existed in his favor against either the plaintiff or the third party
named as cross-defendant.

JUDGMENT—STRIKING OUT PART—LACK OF PREJUDICE.—Defendant was
not aggrieved by an order of the court, made on plaintiff's motion,
striking from its verdict and judgment, after their entry and the
discharge of the jury, of a certain percentage of the damages
awarded, as this was in his favor.

APPEAL from a judgment of the Superior Court of Los
Angeles County.    Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Guy E. Maurice, for Appellant.

C. P. Kaetzel, and Hart & Cunningham, for Respondents.

RICHARDS, J., *pro tem.*—In this action the plaintiff
brought suit to recover the purchase price of seventy-eight
cattle alleged to have been sold and delivered to the defendant
R. L. Bliss and for which he promised and agreed to pay

plaintiff $3,527.23, of which only the sum of five hundred dollars has been paid. The defendant Bliss appeared and filed what he denominated an "Amended Cross-complaint and second and separate answer," in which he designated one Alvin Hitchcock as a cross-defendant, and then proceeded to set up in several counts what he claimed to be the real transaction between himself and plaintiff and Hitchcock. In one of these counts he alleged that plaintiff and Hitchcock were partners. In another he averred that plaintiff was merely the agent of Hitchcock, who was the principal in the transaction set forth in his said pleading. In all of these counts the defendant averred that the agreement between the parties was different from that sued on by the plaintiff, and that from its alleged breach the defendant was entitled to recover a large amount of damages from both the plaintiff and Hitchcock. Upon the filing of this pleading the cause was set for trial and proceeded to trial without any order of court or other action of the parties bringing in said Hitchcock as a party thereto. The record does not disclose that he was ever served with the cross-complaint nor that he ever made any answer thereto, although the judgment recites his appearance by counsel at the trial. The cause was tried before a jury. No special verdict upon any of the issues was requested, and the jury having been instructed by the court, retired and presently returned a general verdict in the following words: "We, the jury in the above-entitled action, find for the plaintiff, and assess the damages against defendant, R. L. Bliss, in the sum of $3,027.23, plus the 3% deducted as shrinkage from said last shipment together with interest." To the form of the verdict as thus rendered the defendant Bliss made no objection at the time of its rendition, nor did he make any request of the court that the jury be directed to make any finding upon the issues tendered in his pleading, nor did he request that the cross-defendant Hitchcock be named in said verdict nor that as to him the jury should return a verdict. If the verdict was defective in these respects it was the duty of the defendant Bliss to have called the attention of the court to such defects before the jury was discharged in order that it might retire and correct its verdict. The code provides for this procedure (Code Civ. Proc., sec. 619), and by failing to avail himself of it the defendant Bliss must be held to have waived the defects, if any such existed, in this verdict. (*Van Damme* v. *McGili-*

*vray Stone Co.,* 22 Cal. App. 191, [133 Pac. 995]; *Benson* v. *Southern Pac. Co.,* 177 Cal. 777, [171 Pac. 948].) We are not, however, to be understood as deciding that the verdict was defective in the respects urged by the appellant and which forms his main contention upon this appeal. The action was upon a transaction for the sale of cattle by plaintiff to the defendant Bliss. The agreement, it is admitted by the defendant Bliss, was made by him with the plaintiff Asebez. His contention, however, was that its terms were other than those asserted by the latter in his complaint, and, further, that Asebez was either a partner of Hitchcock's or was his agent in entering into the agreement. Upon the defendant's own theory of the case he could have had no remedy against either Asebez or Hitchcock if the plaintiff succeeded in sustaining the averments of the complaint as to the terms of the contract between them. The verdict of the jury in the plaintiff's favor and for the amount sued for in his complaint is of necessity a finding against the defendant Bliss upon the averments in his cross-complaint, and, hence, necessarily a finding that no cause of action existed in his favor against either Asebez or Hitchcock. For both of the foregoing reasons, therefore, the appellant cannot here be held to complain.

The appellant makes the further contention that the trial court committed an error in granting the plaintiff's motion made after the discharge of the jury and entry of the judgment to amend the verdict and judgment by striking therefrom the words "plus the 3% deducted as shrinkage from said last shipment together with interest." The elimination of these words from the verdict and judgment had the effect of decreasing the defendant's liability and reducing the amount of the judgment against him, and to that extent was an order in his favor. He was not, therefore, aggrieved, and hence cannot question the propriety of the court's action in that regard upon this appeal.

Judgment and order affirmed.

Sloss, J., and Shaw, J., concurred.