[Civ. No. 8778. First Appellate District, Division One.—July 7, 1933.]

HELEN B. MITCHELL, Appellant, v. S. W. E. STRINGER, Respondent.

HENRY L. WISSIG, Appellant, v. S. W. E. STRINGER, Respondent.

NELLIE M. BOOTH, Appellant, v. S. W. E. STRINGER, Respondent.

Ford & Johnson for Appellants.

Cooley, Crowley & Supple for Respondent.

THE COURT.—The above actions, consolidated for the purpose of trial, are for damages resulting from injuries received in a collision of two automobiles.

Plaintiff Wissig, the driver of one of the automobiles, was traveling southerly along the Santa Cruz Mountain highway. With him, as his guests, were plaintiffs Mitchell and Booth. Respondent was driving an automobile northerly on said highway. The two automobiles collided, resulting in the injuries to plaintiffs and the damage to defendant's automobile. Plaintiffs alleged in their complaints that the collision of said automobiles which resulted in their injuries was caused by the negligence of defendant. The defendant in his answers to the complaints denied that he was negligent, and by his cross-complaint alleged negligence upon the part of plaintiff Wissig and asked judgment for the damages sustained by his automobile. The jury returned a separate verdict in each of the cases in favor of the defendant, except in the Wissig case it returned a verdict against defendant on his cross-complaint. Each of the plaintiffs moved for a new trial and, said motions being denied, separate judgments were rendered in accordance with the verdicts.

The evidence in these cases is conflicting and warrants the jury in finding either for plaintiffs or defendant. Apparently the appeal by Wissig has been abandoned. The one point urged for a reversal in the cases of Mitchell and Booth is that the verdicts of the jury are inconsistent in this: that while the verdict of the jury in the Wissig case was in favor of respondent, by said verdict it also found for Wissig on respondent's cross-complaint. In other words,

that while the jury found respondent was not guilty of negligence in the Wissig case, it did find him guilty of negligence on his cross-complaint, and for that reason returned a verdict against him; that therefore Mitchell and Booth, occupying the positions merely as guests of Wissig, were entitled to recover from respondent for the injuries sustained by them. The fault in this contention is that it cannot be said with certainty that the jury, in returning the verdict on the cross-complaint, did so upon the theory that respondent was negligent. Under the instructions the jury, in view of the conflict in the evidence, might well have found that neither Wissig nor respondent was guilty of negligence and this is borne out by the verdict in all three of the actions, where the jury found that respondent was not negligent and where by the verdict on the cross-complaint it found that Wissig was not guilty of negligence.

If the verdict was defective it was the duty of appellants to call the attention of the court to such defects before the jury was discharged in order that it might retire and correct its verdict. By their failure to do this they waived the defects if any existed. (Code Civ. Proc., sec. 619; *Asebez* v. *Bliss*, 178 Cal. 137 [172 Pac. 595]; *Manufacturers' Finance Corp.* v. *Pacific Wholesale Radio, Inc.*, 130 Cal. App. 239 [19 Pac. (2d) 1013]; *Joerger* v. *Pacific Gas & Electric Co.*, 207 Cal. 8–21 [276 Pac. 1017].)

The judgments are affirmed.