CURTIS, J.
 

 Plaintiff recovered judgment against the defendant, F.'F. Regan, in the sum of $5,000 for injuries sus
 
 *521
 
 tainecl by him when struck by an automobile. At or about 1:45 A. M. on June 29, 1935, the plaintiff, a pedestrian, was in the act of crossing Western Avenue between Sixth Street and Wilshire Boulevard, in the city of Los Angeles, when he was struck by a car owned by defendant, F. F. Began and driven by his son, Wm. Began. Plaintiff suffered serious injuries, and to recover damages therefor brought this action, naming as defendants both Wm. Began, the operator of the automobile, and F. F. Began, the owner. Defendants denied the allegations of negligence pleaded in the complaint and set up as a defense contributory negligence on the part of the plaintiff. The jury brought in a verdict in the following words: “We the jury in the above entitled action, find for the plaintiff, Lansing Brown, and against defendant, Wm. Began, and fix the damages in the sum of Nothing Dollars ($ ) and against the defendant, F. F. Began, the father, in the sum of $5,000 ($ ). This 7th day of October, 1936. G. W. Adams, Foreman.” The court denied the motion of F. F. Began for a judgment in his favor notwithstanding the verdict, and entered judgment that plaintiff recover from F. F.. Began the sum of $5,000, and from-defendant, Wm. Began, “nothing dollars”. From said judgment F. F. Began appeals.
 

 Appellant contends that the verdict should be set aside and the judgment reversed upon the grounds, first, that the amount of appellant’s liability to plaintiff could not exceed that of his codefendant which was expressly found by the jury to be “nothing dollars”, and second, that the evidence establishes as a matter of law that the respondent was guilty of contributory negligence.
 

 Appellant strongly relies upon the cases of
 
 Bradford
 
 v.
 
 Brock,
 
 140 Cal. App. 47 [34 Pac. (2d) 1048], and
 
 Kerrison
 
 v.
 
 Unger,
 
 135 Cal. App. 607 [27 Pac. (2d) 927], as establishing the rule that the liability of the owner of an automobile arising out of section 17141/4 of the Civil Code (now section 402 of the Vehicle Code) is identical with that of the operator of the automobile, and that where a verdict is returned against the operator of an automobile for a sum less than $5,000 for injuries to one person, under said section of the code the verdict of the jury against the owner of the automobile must be in the same sum as against the operator. Bespondent relies upon the cases of
 
 Broome
 
 v.
 
 Kern Valley Packing Co.,
 
 6 Cal. App. (2d) 256 [44 Pac. (2d) 430];
 
 *522
 

 Rosse
 
 v.
 
 Marye,
 
 80 Cal. App. 109 [250 Pac. 698), as establishing the rule that the liability of the owner of an automobile is a direct and primary liability toward the person injured by the negligent operation of such automobile by another driving with the owner’s permission, and recovery is not dependent upon a recovery being had against the codefendant of the owner. These cases establish the rule that where the liability of one defendant is predicated upon the active negligence or fault of another defendant, and the verdict is silent as to one of the defendants, the effect is that there has been merely a failure to find on one of the issues and a verdict and judgment against the other defendant is not thereby voided. Both parties agree that the instant case does not present the situation where a verdict expressly exonerating a defendant charged with active negligence or fault, automatically precludes any judgment against his codefendant, and that neither is it a case where the verdict is silent as to the operator of the car charged with active negligence. In view of the verdict, “in favor of the plaintiff Lansing Brown, and against defendant, Wm. Regan”, it is obvious that this is so. This portion of the verdict could mean only one thing, that the jury found the defendant operator, Wm. Regan, guilty of negligence in the operation of the car and the plaintiff free from contributory negligence. Appellant further concedes that plaintiff did receive serious injuries as the result of the accident. In fact, appellant relies upon the established fact that.plaintiff did receive severe injuries as the underlying premise for one of his arguments for a reversal of the judgment against him. Thus in his closing brief, appellant expressly states: “Respondent established
 
 without dispute
 
 that as a result of the accident, he had incurred hospitalization, nurses’ and doctor’s bills and medical expenses, amounting to the sum of $4,932.65.” ' This conceded amount is only $67.35 less than the verdict of $5,000 found by the jury against P. P. Regan. Furthermore, no attempt was made to contradict or minimize the testimony of the physician attending plaintiff to the effect that plaintiff’s injuries consisted of a fracture of the tibia and fibula, a traverse fracture of the right humerus, and a compression type fracture of the third, fourth, and fifth dorsal vertebrae, and fractures of the traverse processes of the second, third, fourth and fifth lumbar vertebrae, and that at
 
 *523
 
 the time of the trial a further operation upon plaintiff’s leg Avas imperative.
 

 Appellant’s argument, therefore, reduces itself to this proposition. Despite the fact that the jury expressly found against the defendant operator and thereby found him responsible for the accident and guilty of the negligence charged in the complaint, and despite the admitted fact that plaintiff AAas seriously injured and his hospitalization expenses alone amounted to approximately the sum of $5,000, the amount of the verdict against the appellant, nevertheless because the jury through error fixed the damages against the operator of the automobile as “nothing dollars”, the verdict against the appellant for $5,000 must be set aside and the judgment reversed.
 

 We may concede that there Avas error in the form of the verdict, but we are of the opinion that appellant is in no position to rely upon the error. It is obvious from the verdict, considered in conjunction AAdth the record, that the jury AA'as laboring under the mistaken idea that the liability imposed upon the owner of an automobile by section 171434 of the Civil Code (uoav section 402 of the Vehicle Code), under the theory of imputed negligence, Avas a liability substituted for the liability of the operator, and that the jury by said verdict Avas attempting to pass on to the owner of the automobile the liability of the operator of the automobile. The proper procedure where an informal or insufficient verdict has been returned is for the trial court to require the jury to return for further deliberation.
 
 (Kerrison
 
 v.
 
 Unger,
 
 135 Cal. App. 607, 611 [27 Pac. (2d) 927].) There can be no doubt, in view of the record presented on appeal, that had the jury been required by the trial court to retire for further deliberation under proper instructions, a proper verdict Avould have been returned.
 

 It is well established by numerous authorities that when a verdict is not in proper form and the jury is not required to clarify it, any error in said verdict is waived by the party relying thereon who at the time of its rendition failed to make any request that its informality or uncertainty be corrected.
 
 (Benson
 
 v.
 
 Southern Pac. Co.,
 
 177 Cal. 777 [171 Pac. 948];
 
 Ambrose
 
 v.
 
 Allen,
 
 113 Cal. App. 107 [298 Pac. 169];
 
 Harker
 
 v.
 
 Southern California Edison Co.,
 
 83 Cal. App. 204 [256 Pac. 848];
 
 Mitchell
 
 v.
 
 Stringer,
 
 133 Cal. App. 207 [23 Pac. (2d) 765];
 
 Joerger
 
 v.
 
 Pacific Gas & Elec.
 
 
 *524
 

 Co.,
 
 207 Cal. 8, 21 [276 Pac. 1017];
 
 Van Damme
 
 v.
 
 McGilvray Stone Co.,
 
 22 Cal. App. 191 [133 Pac. 995].) An examination of the proceedings which took place upon the returning of the verdict demonstrates that the attorney for appellant, not only did not seek to have the jury returned for further deliberation in an effort to clear up the apparent ambiguity, but vigorously opposed the efforts of the attorney for the plaintiff to secure such clarification of the verdict. So vigorously did he urge his objection that the trial court was without power to require the jury to return for further deliberations, that the trial court acceded to his position, and ordered the clerk to file the verdict as rendered. His objection was wholly without merit, as the trial court retained entire control of the proceedings up to the time the jury was finally discharged from further consideration of the case, and it was not only within the power of the trial court to require the jury to clarify its verdict, but it was his duty to do so.
 
 (Van Damme
 
 v.
 
 McGilvray Stone Co.,
 
 22 Cal. App. 191, 194 [133 Pac. 995].) If mere inaction alone will constitute a waiver of a defect in a verdict, it is self-evident that the conduct of appellant’s attorney in actively opposing the efforts of the attorney for the respondent to have the defect cured will constitute a waiver. In the Van Damme case is to be found language which we deem to be appropriate to the action of the appellant in the instant case. In that case, the attorney relying on the alleged error in the verdict of the jury, which had returned a general verdict for the plaintiff, but declined to answer a special interrogatory, replied when the court offered to send the jury back if counsel desired, “the record shows they have declined to find upon it”. The appellate court held that the defendant having failed at the opportune time to object to the acceptance and recordation of the verdict, could not be heard to complain, saying.- “On the face of the record argument seems superfluous. It creates an abiding conviction that the matter was permitted to stand as originally returned by the jury with a view of thereafter reaping any technical advantage that might result by reason of the situation.” We think there is no question that attorney for appellant waived the defect in the verdict, and is estopped to rely upon such defect in the verdict upon this appeal.
 

 We cannot agree with appellant’s second contention that the evidence establishes that the respondent was guilty of
 
 *525
 
 contributory negligence as a matter of law. Appellant cites the fact that plaintiff was not crossing Western Avenue between Sixth Street and Wilshire Boulevard at a crosswalk, and the stipulated fact that traffic control signals were prominently located on the north and south sides of the block in which the accident occurred, and claims that the plaintiff by not crossing at a crosswalk violated section 131% (d) of the California Vehicle Act (now section 563 of the Vehicle Code), and was, therefore, guilty of contributory negligence as a matter of law. Said section reads as follows: “At intersections where traffic is controlled by traffic control signals, or by police officers, pedestrians shall not cross the roadway against a red or stop signal, and between adjacent intersections so controlled shall not cross at any place, except in a marked or unmarked crosswalk.” Appellant interprets said section as holding that the mere erection of traffic control signals at any given intersection requires pedestrians to cross only at crosswalks. The language of said section does not support this contention. It makes it a violation of the act to cross against a red signal “where traffic
 
 is controlled
 
 by traffic control signals”, and unlawful to cross except at a crosswalk “between adjacent intersections
 
 so controlled”.
 
 An intersection is not controlled within the meaning of this section when signals at the intersection are not in actual operation. The time of the accident was about 1:45 A. M. There is no evidence that the signals at the adjacent intersections were in operation at the time of the accident.
 

 Respondent’s version of the accident was that as he was crossing Western Avenue, he saw the Regan car coming toward him on the proper side of the street; that-as the car approached him, he stopped to let it go by, but that at that time, it swerved toward him and struck him. If this version of the accident was accepted by the jury as true, as evidently it was, the jury was justified in finding that respondent was not guilty of contributory negligence. In stopping to let the car go by, he yielded the right of way to the car. The deposition of Thomas Jurekovic, an eye-witness to the accident, was offered and read in evidence on behalf of the respondent. This evidence was not included in the transcript on appeal. It is the rule that it may be assumed by an appellate court that evidence not set forth in the record justifies the findings. (A.
 
 C. Horst Co.
 
 v.
 
 New Blue Point Min.
 
 
 *526
 

 Co.,
 
 177 Cal. 631 [171 Pac. 417];
 
 Emerick
 
 v.
 
 Johnson,
 
 64 Cal. App. 460 [221 Pac. 675].)
 

 The judgment is affirmed.
 

 Waste, C. J., Seawell, J., Edmond's, J., Langdon, J., Houser, J., and Shenk, J., concurred.