CHARLES M. SCOTT, INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR CLARA LUCILLE SCOTT, A MINOR; LUCILLE H. SCOTT AND DANIEL W. GATLYN, APPELLANTS, v. CHARLES A. CHAPMAN, RESPONDENT.

No. 3820

December 15, 1955.                    291 P.2d 422.

*Royal Stewart, Richard W. Horton,* both of Reno, for Appellants.

*Vargas, Dillon & Bartlett,* of Reno, for Respondent.

## OPINION

By the Court, EATHER, J.:

This appeal is taken by the plaintiffs below from a jury verdict in favor of the defendant in an action for wrongful death resulting from an auto upset which occurred while defendant was driving. The parties will be referred to as they were designated in the lower court.

The principal assignment of error is directed to the sufficiency of the jury verdict. Upon their retirement the jury was handed form of general verdict together with special interrogatories which they were directed to answer. The jury brought in a general verdict in

favor of defendant but failed to answer the interrogatories. At the request of defendant the jury was then polled.

Judgment was duly and regularly pronounced by the court and entered and recorded in full in the minutes by the clerk, and there being no reservation for argument or further consideration and no stay of proceedings, the court ordered, adjudged and decreed that the plaintiffs take nothing by their complaint, and the defendant have judgment against the plaintiffs for his costs and disbursements incurred in the action.

Defendant contends that plaintiffs waived their right to have the interrogatories answered through failure to make objection or request before entry of judgment. Rule 46, Nevada Rules of Civil Procedure.

The authorities seem to be practically unanimous on the proposition that any error resulting from failure of the jury to answer special interrogatories is waived unless the party at the time the verdict is returned calls the matter to the attention of the court and makes proper and timely request that the jury be directed to answer the special interrogatories. 24 Cal.Jur. 908; Benson v. Southern Pac. Co., 177 Cal. 777, 171 P. 948, 64 C.J. 1188, sec. 978; 89 C.J.S., Trial, sec 572.

In the case of Van Damme v. McGilvray Stone Co., 22 Cal.App. 191, 133 P. 995, it is stated: "At the conclusion of the trial, which was had with a jury, and in submitting the case the court concluded its charge as follows: 'If you return a general verdict in favor of plaintiff, you will also return your verdict on the special issue which I now submit to you as follows:' * * * Upon returning into court with the verdict, the following proceedings were had. * * * 'The Clerk: Gentlemen of the jury, have you agreed upon a verdict? (Clerk receiving verdict from foreman and handing it to the court.) The Court: That is the only verdict you brought in? Mr. Morris (the foreman): The jury declined to

answer the other question. The Clerk: Gentlemen of the jury, listen to your verdict as it now stands recorded. "We the jury in the above-entitled cause, find a verdict for the plaintiff for the sum of $900." Mr. Jarman: (one of the attorneys for appellant) I would like to have the jury polled. The Court: Poll the jury. (All the jurors answer that the above verdict is his verdict.) Mr. Jarman: Q. Was there any finding upon the special issue? The Court: They declined to find upon that question. Do you desire that they should find on it? If so, will send them back. Mr. Jarman: The record shows that they declined to find upon it. The Court: Let the record show that the jury declined to find upon that subject.' (Jury discharged.)

"In addition to the above, affidavits were filed by the respective counsel as to this matter. These were filed and used on the motion for a new trial; but as we view the matter they shed no additional light on the question and serve no useful purpose in determining the real point in controversy.

"For the sole reason that the jury 'declined to find on the special interrogatory' submitted by the court, the appellant contends that it is entitled to a new trial. We are unable to agree with this contention. On the face of the record, argument seems superfluous. It creates an abiding conviction that the matter was permitted to stand as originally returned by the jury with a view of thereafter reaping any technical advantage that might result by reason of the situation. The parties should be compelled to resort to a new trial only after all the resources of the court administered within the law have been exhausted in a conscientious effort to finally determine all the questions at issue in any pending litigation. A fair interpretation of the proceedings above set out leads inevitably to the conclusion, as it appears to us, that the appellant waived the right to have the jury pass upon the particular interrogatory submitted to it. Certainly the widest latitude of construction would not

warrant us in holding that the conduct and language of appellant's counsel amounted to an objection to the course pursued by the trial court. To resolve either of these alternatives against the appellant is to sustain the verdict of the jury and affirm the action of the trial court in refusing another trial.

"If the defendant's counsel waived by his conduct or language the right to insist upon an answer to the question, or if he failed at the opportune time to object to the acceptance and recordation of the verdict, he cannot at this time be heard to complain. He contends that he had no knowledge prior to the recordation of the verdict that the jury had not found upon the particular interrogatory submitted. The record not only does not substantiate this position but is directly contradictory thereof. Upon receiving the verdict from the foreman, the court questioned, 'That is the only verdict you brought in?' to which question, and before the verdict was returned to the clerk to be recorded in the minutes, the foreman replied, 'The jury declined to answer the other question.' We are of the opinion that it would be immaterial whether he received this information before or after the announcement by the clerk of the formal recordation of the verdict. We are fully satisfied that the court retains entire control of the proceedings up to the time that the jury is finally discharged from further consideration of the case, and that had the jury been returned to the jury room for further deliberation, as suggested by the court, after the formal announcement by the clerk that the verdict was recorded, no substantial error would have resulted, and neither side thereafter could have successfully predicated error on the action of the court." Accord: Crowe v. Sacks, 44 Cal.2d 590, 283 P.2d 689 at 693; Harker v. Southern Cal. Edison Co., 83 Cal.App. 204, 256 P. 848 at 851; Asebez v. Bliss et al., 178 Cal. 137, 172 P. 595 at 596; Brown v. Regan, 10 Cal.2d 519, 75 P.2d 1063 at 1066.

In the case at bar, upon the jury's return from deliberations, the verdict and unanswered interrogatories were handed to the judge who made no comment with respect to the interrogatories. The jury's neglect in this respect was not noted by counsel for plaintiffs until the verdict had been recorded, the judgment entered and the jury discharged. Therefore no objection to the entry of the verdict was made and no request was made of the court that it require the interrogatories to be answered.

Plaintiffs contend that since they had no knowledge of the fact that the interrogatories were unanswered they cannot be held to have suffered a waiver; that they had every right to assume that the judge would fulfill his duty in the event the interrogatories were unanswered.

However, counsel for the plaintiffs knew that the interrogatories had been submitted to the jury. They were aware of the provisions of Rule 49 (b) N.R.C.P. with respect to such interrogatories and were aware that important rights and procedural alternatives depended upon the existence or lack of consistency between the interrogatories and the general verdict. Counsel knew that if any of those rights were to be asserted or alternatives elected the assertion and determination should be made before the entry of judgment and discharge of the jury.

Counsel, then, were under a duty to advise themselves as to the status of the interrogatories and cannot now plead ignorance. Failure to inquire, in and of itself, indicated an intention not to rely upon any inconsistency or error which the answers to the interrogatories might reveal. In itself this silence constituted waiver.

Plaintiff next contends that error was committed in permitting counsel for defendant to read to the jury a portion of defendant's deposition which had earlier

been offered by plaintiff, admitted and read in its entirety. Plaintiff contends that this constituted prejudicial and undue overemphasis of the portion read and that under the rules of procedure no such use of a deposition is permitted. We feel that there is no merit in this contention. Counsel for defendant did not offer the portion in evidence and was doing no more than to argue from the evidence as they might repeat portions of the testimony or read an exhibit.

Plaintiff next contends that error was committed in permitting defendant to answer a question respecting drowsiness at the time the accident occurred. Plaintiff contends that the question invited the conclusion of the defendant that he could with safety operate a car under the circumstances and that the question thus invaded the province of the jury. Any such construction of the question and the answer given by the witness was later in open court repudiated by counsel for the defendant and any prejudice which might have resulted was in our view eliminated by counsel's explanation and limitation of the subject of the inquiry.

Affirmed with costs.

MERRILL, C.J., and BADT, J., concur.