# Donaldson Iron Company *v.* Howley Construction Company, Appellant.

*Practice, C. P.—Verdict—Special verdict—Contradictory verdict—Setting aside verdict.*

1. It is the province of the jury to find the facts and return a verdict according to the facts so found, and when the jury makes a return in the nature of a special verdict containing contradictory findings it is not for the court to say that one part of the return is correct and another part not correct. The verdict as returned must stand or fall as it is made. It cannot be split up so that one part may stand and another part be ineffective.

2. A verdict finding an amount stated for the plaintiff, and also finding that such amount will not be due until the happening of a certain event, is contradictory in its terms, and must be set aside. It cannot be sustained by striking out as surplusage the part relating to the time of payment.

Argued Oct. 26, 1909. Appeal, No. 163, Oct. T., 1909, by defendant, from order of C. P. No. 4, Allegheny Co., First Term, 1908, No. 60, striking out portion of verdict in case of Donaldson Iron Company *v.* Howley Construction Company. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Rule to strike out as surplusage a part of a verdict. Before CARNAHAN, J.

The opinion of the Supreme Court states the case.

*Error assigned* was order striking out portion of the verdict and permitting the remainder of the verdict to stand.

*W. A. Hudson,* for appellant.—The court erred in striking from the record a part of the verdict: Standard Sewing Machine Co. v. Ins. Co., 201 Pa. 645; Wallingford v. Dunlap, 14 Pa. 31; Vansyckel v. Stewart, 77 Pa. 124; Tuigg v. Treacy, 104 Pa. 493; McCormick v. Ins. Co., 163 Pa. 184.

*Alvin A. Morris,* with him *William A. Way* and *Albert J. Walker,* for appellee.—The jury found the issue, and the verdict

amounts to a general verdict: Morgan v. McKee, 77 Pa. 228; Leaming v. Wise, 73 Pa. 173; Plymouth Cordage Co. v. Penna. Wood Co., 203 Pa. 206.

The court has power to amend a verdict by striking out surplusage: Bruck v. Mausbury, 102 Pa. 35; Keen v. Hopkins, 48 Pa. 445; Pittsburg v. McKnight, 91 Pa. 202; Cavene v. Mc-Michael, 8 S. & R. 441; Watkins v. B. & L. Assn., 97 Pa. 514; Bickman v. Smith, 62 Pa. 45.

OPINION BY MR. JUSTICE ELKIN, January 3, 1910:

The question involved in this case is the right of the court to strike from the record part of the finding by the jury in the nature of a special verdict. The suit was brought to recover the amount claimed to be due for materials sold and delivered to appellant. The defense attempted to be set up at the trial was that at the time of the purchase it was agreed between the parties that payment was not to be made until the final estimate on the contract between the state and the defendant on account of the construction of certain state roads, in the performance of which the materials purchased were to be used, had been made. The offer of testimony to sustain this contention was refused on the ground that under the pleadings it could not be introduced for the purpose stated, but it was admitted for the purpose of affecting the credibility of the witness, Bursner, and for no other purpose. The court finally prepared and submitted three forms of verdicts with instructions to the jury as to their duties under the law and the evidence. The jury returned the following verdict: "And now, to wit, April 3d, 1909, we, the jurors empanelled in the above entitled case find for the plaintiff for the sum of $1,652.40 and we further find that the time for payment agreed upon was the date of the final estimate on the contract between the state and defendant in the performance of which these goods were to be used and that said estimate has not yet been given to defendant." As the case then stood plaintiff had a verdict for the amount claimed to be due, but a finding that the amount so fixed was not due until the final estimate on the contract between the state and defendant had been made, and that the

estimate had not yet been given defendant. Of course such a verdict being contradictory in its findings cannot be sustained. If the amount involved was due the verdict should have been in favor of plaintiff for the entire amount and judgment should have been entered thereon. If the amount claimed was not due, suit was prematurely brought, and the verdict should have been for the defendant. To meet this situation counsel for appellee filed three motions, namely, one for a new trial; another for reformation of the verdict by striking out as surplusage the special finding as to the time of payment; and the third for judgment non obstante veredicto. The court overruled the motion for a new trial, refused the motion for judgment non obstante, but allowed the motion to strike out as surplusage that part of the verdict relating to the time of payment. This appeal, which we think must be sustained, challenges the correctness of these rulings. It is the province of the jury to find the facts and return a verdict according to the facts so found, and when the jury makes a return in the nature of a special verdict containing contradictory findings it is not for the court to say that one part of the return is correct and another part not correct. The verdict as returned must stand or fall as it is made. It cannot be split up so that one part may stand and another part be ineffective. No doubt the learned court below acted upon the theory that substantial justice would be done by the course taken, but the precedent would be dangerous and if orderly and correct practice is to be maintained, such a doubtful expedient must not be resorted to. It was within the power of the court to set aside the verdict and enter judgment upon the whole record non obstante, but this was not done. Considerable confusion has arisen on account of the complicated state of the record, and we think a new trial should be granted in order that the merits of the defense, if there be any, may be passed upon by a jury, or at least be determined in a proper manner by the court.

Judgment reversed and a venire facias de novo awarded.