Gladd *v.* Paslawski, Appellant et al.
Paslawski, Appellant, *v.* Gladd et al.

Argued April 17, 1945. Before BALDRIGE, P. J.,
RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Lee C. McCandless,* with him *James E. Marshall,* and
*Marshall & McCandless,* for Paslawski, appellant.

*J. Campbell Brandon,* with him *Carmen V. Marinaro,
Kenneth L. Snow* and *Brandon & Brandon,* for Gladd
appellee.

OPINION BY ARNOLD, J., July 19, 1945:

These two cases were tried together and will be disposed of in one opinion. Charles Laskovic was driving an automobile in which one Gladd was an occupant and also the owner. An intersection collision occurred with an automobile driven by James Paslawski. Gladd brought an action of trespass for personal injuries and property damage against Paslawski, who brought in Laskovic as an additional defendant (Appeal No. 173 April Term, 1944). Gladd recovered a verdict against Laskovic in a sum unliquidated but if molded by the court would amount to some $591.95.

Paslawski brought an action in trespass for property damage against Gladd and Laskovic (Appeal No. 174 April Term, 1944), involving the same collision. The cases were tried together. In this action of Paslawski against Gladd and Laskovic (Appeal No. 174 April Term, 1944), the same jury rendered a verdict in favor of Paslawski and against both Gladd and Laskovic in the sum of $259.38. The court below granted a new trial in each case assigning various reasons (which we think are sound) including the inconsistency of the two verdicts. Separate appeals followed by Paslawski from the respective orders.

In Gladd v. Paslawski and Laskovic the motion for a new trial was nunc pro tunc, and undoubtedly made in time, the term having not yet expired. We think the trial judge correctly stated the errors committed: Insufficient instructions (a) on the law of negligence as to a guest (under the circumstances of this case); (b) as to the negligence of James Paslawski; (c) the various aspects of joint enterprise. In addition new trials should be had for another reason. Both cases were tried together, and in plaintiff's pleading in Paslawski v. Gladd and Laskovic nothing is stated as to the negligence of Gladd except that it is charged that the negligence "of the defendants was as follows": (Reciting various particulars in which the automobile was negli-

gently *operated*). Apparently any recovery against Gladd would have to stand on the negligence of Laskovic, the driver of the Gladd car, and Gladd could only be liable under some application of the doctrine of respondeat superior, agency or joint control, concerning which no mention is made in the charge of the court.

In the case of Paslawski v. Gladd and Laskovic, the petition of Gladd and of Laskovic to move for a new trial nunc pro tunc was filed on the 6th day of December, 1943, the first day of the new term. Whether filed in time need not be decided. Each of the three parties to the two actions, either by affidavit of defense or evidence, charged one or more of the other parties with responsibility in the accident. A new trial being properly had in Gladd v. Paslawski and Laskovic,—justice requires that a new trial be also had in the case of Paslawski v. Gladd and Laskovic. See *Nebel v. Burrelli*, 352 Pa. 70, 41 A. 2d 873; *Biehl v. Rafferty*, 349 Pa. 493, 37 A. 2d 729.

In No. 173 April Term, 1944, Gladd v. Paslawski and Laskovic, the assignments of error are overruled and the order of the court below granting new trial is affirmed.

In No. 174 April Term, 1944, Paslawski v. Gladd and Laskovic, the assignments of error are overruled and the order of the court below granting new trial is affirmed.