## Giombetti v. McConnell, etc.

*Maurice V. Cummings* and *James J. Ligi*, for plaintiff.

*Hon. A. E. Swoyer* and *Harry A. Kolb*, for defendant.

HOBAN, J., February 17, 1947.—Action in assumpsit by buyer against seller to recover the purchase price paid for a mechanical stoker. Buyer alleged a

breach of an express unconditional warranty of fitness for use, a rescission of the sale, offer to return the stoker, and demand for recovery of the purchase price. The defense was that the warranty was conditional on the erection of a proper sized smokestack by buyer and buyer's failure to do so. The amount paid by buyer, $3,732.01, was not disputed.

The jury returned a verdict as follows: "in favor of plaintiff, Raniero Giombetti, to receive $2,750 with interest from July 7, 1944, the stoker to be returned to Wm. A. McConnell."

Defendant seeks a new trial for the reason that the verdict is against the law, against the charge of the court, and is inconsistent in that it awards to plaintiff the amount of the claim provided that he return the stoker which was the basis of this action to defendant.

There was conflicting testimony as to whether the warranty was conditional or not, which was the main issue for the jury. The trial judge instructed the jury that if they found for plaintiff they could return a verdict for the full amount of plaintiff's claim with interest from July 7, 1944. The right of the buyer to rescind the sale and to return or offer to return the goods to the seller upon a breach of warranty was explained in detail.

There was testimony in the case that after plaintiff notified defendant of the failure of the stoker to operate as warranted, plaintiff offered to settle his claim for $2,500 and return the stoker to defendant, a circumstance which undoubtedly influenced the jury as to the amount of the money verdict.

Since there was a clear issue of fact involved to be decided on conflicting evidence, a verdict in favor of plaintiff was neither against the evidence nor against the charge of the court. The outcome turned upon the jury's view of the credibility of adverse witnesses, a matter within its sole judgment.

Nor is the verdict contradictory. If plaintiff is to recover the purchase price, obviously defendant is entitled to have the goods. Sections 69 of the Sales Act of May 19, 1915, P. L. 543, 69 PS §314, in clause 4 states:

"If the price or any part thereof has already been paid, the seller shall be liable to repay so much thereof as has been paid, *concurrently with the return of the goods*, or immediately after an offer to return the goods in exchange for repayment of the price." (Italics supplied.)

The words of the verdict, "the stoker to be returned to Wm. A. McConnell", add nothing to nor do they impose any condition upon the payment of the money verdict other than the Sales Act already requires.

The money verdict is substantially less than the full amount of the claim which the jury was instructed it could award, and is obviously a compromise. But this in itself does not render the verdict either contradictory or a nullity. Jurors in order to reconcile their own differences in arriving at verdicts sometimes adopt peculiar methods.

"That they chose to reconcile their differences by a compromise, was for their consciences, not ours, if the verdict violated no rule of law, and had evidence to support that or a still greater verdict": Sharswood, J., in Coyle v. Gorman, 1 Phila. 326. See also Blackburn v. Young, 16 Dist. Rep. 191.

Donaldson Iron Co. v. Howley Construction Co., 226 Pa. 445, cited by defendant, was an illustration of a completely inconsistent verdict, where the jury returned a money verdict but conditioned it upon the performance of certain duties by plaintiff which had not been accomplished at the time of the verdict. It was certainly a correct ruling upon its own facts but is no precedent here. The case was decided in 1910

and it may be of some significance that the case has never been cited in any subsequent report.

The complaint, if any, as to this verdict might well come from plaintiff. By his silence he indicates his acceptance of the sum awarded, though considerably less than his claim; and if plaintiff is satisfied, defendant has no standing to complain of a verdict which saves him $1,000.

Now, February 17, 1947, the rule to show cause why a new trial shall not be granted is discharged.