[Civ. No. 19317. Second Dist., Div. Two. Mar. 6, 1953.]

MIKE KIRBY, Respondent, v. ALLEN G. ADCOCK, Appellant.

Ray L. Chesebro, City Attorney, Bourke Jones, Assistant City Attorney, and Robert B. Burns, Deputy City Attorney, for Appellant.

George E. Bodle, Louis R. Stein and James Landye for Respondent.

FOX, J.—In an action against defendant police officer for damages for assault and battery the jury returned a verdict in favor of plaintiff, assessing general damages at $500 and exemplary damages at $1,500. The jury being polled, the result was 9 to 3 for the $500 general damages but only 8 to 4 on the question of exemplary damages. The court accepted the $500 verdict. No objection was then made thereto, nor was any suggestion made on behalf of defendant of any irregularity or infirmity therein. The jury was thereupon excused. In due course judgment for $500 was entered

on the verdict. Defendant appeals on the ground that the $500 verdict was invalid.

■ It is perfectly clear that nine jurors agreed that plaintiff was entitled to general damages of $500. Their written verdict so stated and their interrogation in open court verified it. It is argued, however, that because the exemplary damage portion of the verdict did not have the required three-fourths favorable vote, that invalidated the entire verdict. To sustain this argument would be to give undue weight to procedural technique and to permit substance to become subservient to form. A more realistic approach to the problem is to consider the reference to exemplary damages as surplusage, since it was ineffective by reason of not having sufficient votes. This principle was applied in *Weddle* v. *Loges*, 52 Cal.App.2d 115 [125 P.2d 914], where the jury returned a verdict against joint tort feasors and then attempted to apportion the damages between them. *Martin* v. *Cambas*, 134 Ore. 257 [293 P. 601], is another case illustrative of the principle here applicable. That was a suit for false arrest and imprisonment. The verdict was for $5,000 general damages against one defendant and it also awarded punitive damages which were apportioned among several defendants. The portion of the verdict relative to punitive damages being ineffective was treated as surplusage and the verdict for general damages allowed to stand.

■ Furthermore, failure on the part of defendant to object or otherwise draw the court's attention to the claimed infirmity in the verdict before the jury was excused, and a correction thus made possible, constituted a waiver thereof. The infirmity here being a mere matter of form and not requiring any further deliberations on the part of the jury could have been corrected by it in a moment without leaving the jury box. This principle of waiver of defects in verdicts by failure to object before the jury is discharged has found frequent expression. (*Mitchell* v. *Stringer*, 133 Cal.App. 207, 209 [23 P.2d 765]; *Brown* v. *Regan*, 10 Cal.2d 519, 523 [75 P.2d 1063]; *Ambrose* v. *Allen*, 113 Cal.App. 107, 118 [298 P. 169].)

Defendant argues, however, that because the court made comment on sending the jury out for further deliberations when it was polled "the insufficiency or informality of the verdict" was before the court and he was thus not required to draw it to the court's attention and consequently there was no waiver. An examination of the reporter's transcript indicates

that the court's observation as to further deliberations by the jury related to the insufficiency of the verdict on exemplary damages. The judge pointed out that nine of the jurors had voted to assess damages of $500 against defendant. He concluded by saying, "I will accept that verdict." It is clear that the infirmity in the $500 verdict, which defendant now asserts, was not drawn to the court's attention. The principle of waiver is therefore applicable.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied March 23, 1953, and appellant's petition for a hearing by the Supreme Court was denied April 30, 1953.