## Belovich v. Lancaster et al.

*Docktor & Porter*, for plaintiff.

*Francis H. Patrono*, for defendant.

CARSON, J., August 17, 1953.—These cases arise out of an automobile collision. John M. Belovich was driving the car of Steve Belovich, when it collided with a car owned by John D. Lancaster and James B. Lancaster, and driven by John D. Lancaster.

There is confusion in the names. The name of John B. Lancaster was corrected to read John D. Lancaster. In the suit brought by the Lancasters, John D. Lancaster is known as Duane Lancaster and James B. Lancaster is known as Blaine Lancaster. For clarification, we shall use their full first names and correct initials for their middle names.

Steve Belovich filed a complaint in trespass to recover compensation for the damage done to his car, against John D. Lancaster. John D. Lancaster brought John M. Belovich into the case as an additional defendant. James B. Lancaster and John D. Lancaster sued John M. Belovich for the damage to their car as will appear at August term, 1952, no. 160. The two cases were consolidated for trial. Plaintiffs each claimed property damages for their respective cars.

In the action by Steve Belovich against John D. Lancaster and John M. Belovich as additional defendant, the jury found John D. Lancaster, "guilty of negligence" and returned a verdict for Steve Belovich. In the action by James B. Lancaster and John D. Lancaster, the jury found John M. Belovich, "guilty of negligence" and returned a verdict for James B. Lancaster and John D. Lancaster. No motion for new trial was filed in this case.

These two suits arose out of one and the same collision and involved the same parties, with the same counsel. The amounts of the respective repair bills were not in dispute and were agreed to by stipulations.

On the whole record of both cases, it is obvious that due administration of justice requires a new trial in both cases. A trial court has an immemorial right to grant a new trial, whenever, in its opinion, justice of the particular case shall require, and this is so even though neither party specifically requested it: Fisher, Executor, v. Brick, 358 Pa. 260. An award of a retrial is entirely discretionary. The only question is

whether or not there was an abuse of discretion. This appears to be particularly so where the verdict is against the weight of the evidence: Bellettiere v. Philadelphia, 367 Pa. 638, and cases there cited.

An award of a new trial will only be reversed for clear error of law or a palpable abuse of discretion, and where a new trial is deemed necessary "in the interest of justice," no abuse of discretion having been shown, further inquiry is foreclosed: Standard Oil of New Jersey v. Graham Oil Transport Corporation, 157 Pa. Superior Ct. 41.

John D. Lancaster, as defendant in the instant proceeding, filed a motion for new trial upon the following grounds: That the verdict was (1) against the evidence, (2) against the weight of the evidence, (3) against the law, (4) against the charge of the court, (5) inconsistent with each other, (6) deficient in saying who they were against, and (7) deficient in not stating the amount of plaintiff's recovery. The only question argued was that the two verdicts were inconsistent, and our decision upon that question will dispose of the case.

The jury having found that John M. Belovich and John D. Lancaster were each negligent, it follows that the jury must have determined that the negligence of each contributed to the collision. The specific finding that John D. Lancaster was negligent at August term, 1952, no. 160, is a bar to his recovery. He cannot sustain a favorable verdict in the same trial wherein he was found negligent and accountable for the damage done to the other car. The two verdicts are inconsistent and cannot be supported by reason.

In the case of Donaldson Iron Company v. Howley Construction Company, 226 Pa. 445, 75 Atl. 685 (1910), the court held:

"It is the province of the jury to find the facts and return a verdict according to the facts so found, and

when the jury makes a return in the nature of a special verdict containing contradictory findings it is not for the court to say that one part of the return is correct and another part not correct. The verdict as returned must stand or fall as it is made. It cannot be split up so that one part may stand and another part be ineffective."

In the cases of Paslawski v. Gladd et al. and Gladd v. Paslawski et al., 157 Pa. Superior Ct. 489, 491, where the jury found verdicts for both plaintiffs, the lower court granted new trials in each case, assigning the inconsistency of the verdicts. Upon appeal the Superior Court affirmed. The court passed over the question of the failure in due course to file a motion for a new trial by saying: "Whether filed in time need not be decided." That decision is particularly applicable to the instant case.

The court shall consider the motion for new trial filed at May term, 1952, no. 328, as being applicable to both cases because it relates to the trial at which disposition was made of both cases. With two inconsistent verdicts having been returned by the same jury, one of them must be contrary to the weight of evidence; it follows that due administration of justice requires that new trials be ordered in both suits and that they again be consolidated for the purpose of trial.

*Order*

And now, August 17, 1953, a new trial is ordered in each of the followng cases:

Steve Belovich v. John D. Lancaster and John M. Belovich, May term, 1952, no. 328.

Blaine Lancaster and Duane Lancaster v. John M. Belovich, August term, 1952, no. 160.

The cases shall be consolidated and tried together as one case.