Civ. No. 17096. First Dist., Div. One. Feb. 19, 1957.]

ALLEN REMY, Plaintiff, v. EXLEY PRODUCE EX-
 PRESS, INC. (a Corporation), Respondent; PACIFIC
 FINANCE CORPORATION, Appellant.

Partridge, O'Connell & Whitney and Robert G. Partridge, Jr., for Appellant.

William A. Kurlander, Anthony J. Calabro and Leslie G. MacGowan for Respondent.

BRAY, J.—Defendant and cross-defendant Pacific Finance Corporation appeals from a judgment, after jury verdict, in favor of cross-complainant Exley Produce Express, Inc.

## QUESTIONS PRESENTED

1. The main question presented is whether the verdict and judgment are inconsistent with a simultaneous verdict and judgment in favor of plaintiff and against both Pacific Finance and Exley.

2. Has defendant waived his right to claim inconsistency?

3. Should the judgment in favor of plaintiff be reversed?

## RECORD

The action arises out of a collision between a truck and trailer belonging to plaintiff and a truck and trailer belonging to Exley. Also involved as an alleged contributing factor to the accident are a Dodge and a Crosley automobile belonging to Pacific Finance, and being operated by Smith, a partner of B & B Auto Sales, with the permission of, and under contract with Pacific Finance. Plaintiff sued Exley, Pacific Finance and B & B for damages to his truck. Exley then cross-complained, for damages to its truck, against plaintiff, Pacific Finance and B & B.[1] Motion by plaintiff for nonsuit on the cross-complaint was granted. No appeal was taken. The verdict and judgment on plaintiff's complaint

---

[1]There were other parties to the action, but as nonsuits were granted as to them and no appeals taken, they will be ignored.

were in favor of plaintiff and against Exley, B & B and Pacific Finance in the sum of $3,872. Motions for new trial thereon were granted as to B & B and Pacific Finance for insufficiency of evidence. No appeal was taken, so that the judgment now stands solely against Exley. The verdict and judgment on the cross-complaint were in favor of Exley and against B & B and Pacific Finance. The motion for new trial of B & B thereon was granted for insufficiency of the evidence. No appeal was taken so that judgment now stands solely against Pacific Finance, which appeals therefrom.[2]

### EVIDENCE

As will appear, it is unnecessary to give the evidence in detail. The accident took place after midnight in the snow area on Highway 99. Shortly before, Smith was driving northerly the Dodge, and towing the Crosley. At a curve in the road which went through a cut where the snow was banked on both sides of the road, the two cars slipped to the left side, ending up in the snow bank there. The evidence was conflicting as to whether the Dodge had chains and as to the distance the two cars projected into the southbound lane. (The distance between the two snow banks was 20-24 feet. There were two paved lanes.) Smith and a companion, after being unsuccessful in removing the cars from the snow bank, went for help. The evidence is conflicting as to whether there were any lights lighted on the cars. Plaintiff's truck and trailer was proceeding northerly in its right lane. The Exley truck was proceeding southerly in its right lane, when suddenly it crossed the center line, sideswiping plaintiff's equipment about opposite the Dodge and Crosley. The Exley driver died before trial so his version of the accident could not be obtained. The evidence was such that the jury could have reached any one of three conclusions: (1) That the accident was the result of the combined negligence of the operator of the parked cars and the Exley truck. This apparently was the view of the jury, although the trial court in granting as against plaintiff new trials to the owner and the operator of the cars apparently considered that the parked cars did not contribute proximately to the accident.

---

[2]Exley contends that there is only one judgment in the case. While they are included in only one document labeled "judgment," there are actually two judgments. Therein the verdict on the complaint and the judgment thereon are separately stated from the verdict and judgment on the cross-complaint.

(2) That the parked cars were without lights and in such position as to force the Exley truck, in order to avoid hitting them, to hit plaintiff's truck; that Exley, thereby put in imminent peril, was not negligent, and that the sole cause of the accident was the negligence of the operator of the two cars. Evidently the jury did not so conclude, nor did the trial court in granting new trials. (3) That the sole cause of the accident was the negligence of the Exley truck. Apparently the jury did not so find, although the court did.

## 1. *Inconsistency.*

This, then, brings us to the question of whether the verdicts and judgments were inconsistent, one with the other. Plaintiff's verdict and judgment were against both the parked cars and the Exley truck.[3] Thus, there was an implied finding that both were negligent. ▮ But the jury rendered a verdict in favor of the Exley truck as against the parked cars, thereby impliedly finding that while the Exley truck, whose damage was due to its collision with plaintiff's truck, was negligent as against plaintiff's truck, it was not negligent as against the parked cars. Put another way, the jury impliedly found that when the Exley truck collided with plaintiff's truck, the cause so far as the injury to plaintiff's truck was concerned was the joint negligence of the parked cars and the Exley truck, and yet that the damage to the Exley truck in that same collision was solely caused by the negligence of the parked cars.[4]

Exley contends that there can be a difference between the duty of due care which a person owes a third person and the one he owes himself. Thus, says Exley, its driver could have violated the duty of due care owed plaintiff, and yet at the very same instant have been exercising due care as to himself. "The jury could have concluded that, in choosing his course of escape by attempting to avoid the parked cars,

---

[3]It is simpler and clearer, in this connection, to refer to the vehicles rather than to owners or operators.

[4]The situation is made more confusing by the granting of new trials so that as the judgments now stand, Exley was the sole cause of the collision so far as injury to plaintiff's truck is concerned, while the parked cars are the sole cause of the injury to Exley's truck. Moreover, B & B, who was operating the parked cars, have been granted new trials both as to plaintiff and as to Exley, so we have the anomalous situation that while B & B, the operator of the parked cars, are released from any judgment imposing liability for their operation, the owner, who was not operating them but merely had given B & B permission to do so, and whose liability could only be one derived through B & B, is held liable as to Exley for their operation.

the Exley driver unreasonably transferred his loss to Allen Remy.'' ■ The fallacy of this argument is that when a person, through no fault of his own, is put in imminent peril by another and has the choice of two alternatives, and chooses the one which later proves to have been the poorer one, —if his choice was a reasonable one in the then light of the circumstances, he is not held negligent for not having taken the better course. The entire fault of the accident is laid to the one whose negligence placed him in peril. But if, as Exley contends its driver did here, he ''unreasonably transferred his loss'' and is himself injured, he is guilty of negligence proximately contributing to his injury. How a person in one act can be unreasonable and at the same time reasonable, or negligent and nonnegligent, is difficult to understand. This would bar Exley from recovering damages for an injury which would not have happened but for his own negligence contributing proximately to the injury with the negligence of the parked cars. (See *Tubbs* v. *Stone & Webster Const. Co.*, 30 Cal.App. 705, 709 [159 P. 242].) Counsel have cited no case, and we have found none, holding that in an accident where a person is negligent as to another person, and is thereby injured, he can avoid the effect of that negligence in a claim against a third person who also was negligent. ■ It is clear that the two verdicts and judgments, finding as they impliedly do, that Exley in one act was both negligent and not negligent, are inconsistent and that the judgment appealed from cannot stand.

2. *Waiver.*

■ Section 619, Code of Civil Procedure, provides: ''When the verdict is announced, if it is *informal or insufficient,* in not covering the issue submitted, it may be corrected by the jury under the advice of the court, or the jury may be again sent out.'' (Emphasis added.) Based upon the language of this section, Exley contends that Pacific Finance should have called the attention of the trial court to the alleged inconsistency of the verdicts at the time they were rendered with the request that they be corrected, and having failed to do so, it has waived its right to object to the verdict on appeal. However, the verdicts were neither ''informal [n]or insufficient, in not covering the issue submitted . . .'' The verdicts here are of the type referred to in the following language in *Reed Orchard Co.* v. *Superior Court,* 19 Cal.App. 648, 663 [128 P. 9]: ''It is readily admitted that the verdict may be so defective as to be subject to subsequent attack,

although no objection be made at the time it is rendered, but the situation here is of a very different nature." In *Mish* v. *Brockus*, 97 Cal.App.2d 770 [218 P.2d 849], the reviewing court, in effect, held that the trial court should have required the jury to reconsider their verdicts which were "inconsistent and, when considered together, the intent of the jury is not ascertainable . . ." However, there, the losing party had requested at the time of rendition that the verdicts be corrected. Moreover, the situation was one in which the jury, after finding for the plaintiffs, had failed to insert any sum in the assessment of damages clause. Again, in one verdict the jury found for the plaintiffs and in another against them on the same cause of action. The verdicts on their faces were "informal" and "insufficient." There is nothing in the case to support the contention that the error could not have been considered upon appeal if it had not been called to the attention of the trial court. The same is true of *Johnson* v. *Marquis*, 93 Cal.App.2d 341 [209 P.2d 63], where without objection the jury was instructed to reconsider two conflicting verdicts first rendered by it. In *Brown* v. *Regan*, 10 Cal. 2d 519 [75 P.2d 1063], the jury returned a verdict against one codefendant (the owner of the car responsible for the accident) for $5,000 and against the other (the driver of the car) for "Nothing Dollars." When the plaintiff moved the trial court to secure a clarification of these verdicts, the defendant owner vigorously objected and the court acceded to his position. On appeal it was held that the said defendant had waived his right to question the verdicts on appeal. We have no such situation here. *Kirby* v. *Adcock*, 116 Cal.App.2d 570 [253 P.2d 700], is likewise not applicable here. There the trial court's attention was not called to the fact that when polled, the exemplary damages were only agreed to by eight jurors. Such failure was properly considered a waiver of the right to attack the verdict on appeal. *Cantor* v. *County of Santa Clara*, 139 Cal.App.2d 441, 451 [293 P.2d 894], held that a jury verdict releasing one joint tort feasor constituted a release of the other joint tort feasor held liable by the jury. While the subject was not discussed, there was no requirement that the inconsistency of the two verdicts be first called to the attention of the trial judge in order to raise the question on appeal.

3. *Plaintiff's Judgment.*

 Exley contends that if the judgment in his favor is reversed because of its inconsistency with the judgment in

favor of plaintiff, then the latter judgment should likewise be reversed. We see no reason why this should be done. Exley did not appeal from plaintiff's judgment although it could have done so and have made the claim of its inconsistency with the judgment on the cross-complaint. Apparently it was satisfied to be held responsible for plaintiff's damages.

 The situation is entirely different from the situations presented in *Blache* v. *Blache,* 37 Cal.2d 531 [233 P.2d 547], *Continental Cas. Co.* v. *Phoenix Const. Co.,* 46 Cal.2d 423 [296 P.2d 801], and *Vyn* v. *Northwest Cas. Co.,* 47 Cal.2d 89 [301 P.2d 869], holding that where portions of a judgment adverse to a nonappealing party are so interwoven with the whole that appeal from a part affects the other parts, the appellate court can reverse the entire judgment if it is necessary to do justice. Here there were, in effect, two different judgments. The plaintiff was not a party to the second judgment, and in nowise concerned with whether it stands or falls. If Exley has any grounds for reversal of plaintiff's judgment against it, it should have appealed in order to present them.

The situation here is different from that in *Ferroni* v. *Pacific Finance Corp.,* 21 Cal.2d 773 [135 P.2d 569]. There the main question was who owned the automobile at the time of an accident. The trial court rendered a judgment in favor of plaintiff against Pacific, thereby holding it to be the owner of the car. Pacific appealed. The court gave judgment against plaintiff and in favor of codefendant Pacheco and Geis, a copartnership, thereby holding that it was not the owner. Plaintiff appealed from that judgment. On appeal the judgment against Pacific was reversed for refusal of the trial court to admit certain evidence indicating that Pacific was not the owner. The reviewing court then reversed the judgment against plaintiff and in favor of the partnership.

Differing from our case—if on a new trial in the Ferroni case the additional evidence showed that Pacific was not the owner of the car, then necessarily the partnership was. The judgment in favor of the partnership might not have been granted if the rejected evidence had been admitted. Thus the two judgments were completely interrelated. Moreover, differing from our case, the plaintiff had appealed from the partnership judgment so that the judgment was squarely before the reviewing court. Here there is no appeal from plaintiff's judgment and it is not before this court.

Nor are the cases of *Inyo Chemical Co.* v. *City of Los Angeles*, 5 Cal.2d 525 [55 P.2d 850], and *Southern Pac. Co.* v. *City of Los Angeles*, 5 Cal.2d 545 [55 P.2d 847], in point. In the Inyo case the Supreme Court upheld a judgment of the trial court holding the defendant city of Los Angeles negligently responsible for a break in the Olancha division of the Los Angeles aqueduct. In the Southern Pacific case the trial court found that the city of Los Angeles was not negligently responsible for the same break. On appeal, the Supreme Court pointed out that the cases and evidence were "in a practical sense identical" and stated (p. 548): "The rule that a reviewing court is bound by the findings of the trial court on conflicting evidence cannot apply to a situation such as this, where two lower courts, dealing with substantially the same evidence, have reached different conclusions of law, on the legal issue of whether from this evidence legal responsibility is imposed by the law upon the defendant." The circumstances of those two cases were in nowise similar to those here. But the most important difference is that both judgments were appealed from, and the reviewing court had both before it.[5]

Moreover, if the rule of the Blache, Continental Casualty and Vyn cases (all *supra*) were applicable to this case, it would not require a reversal of plaintiff's judgment. That rule is only applied "if it is necessary to do justice." (*Blache* v. *Blache*, *supra*, 37 Cal.2d at p. 538.) Such necessity does not exist here.

The judgment appealed from is reversed.

Peters, P. J., and Wood (Fred B.), J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 17, 1957. Shenk, J., was of the opinion that the petition should be granted. Carter, J., did not participate therein.

---

[5]In view of our holding that the verdicts and judgments were inconsistent, we deem it unnecessary to determine whether or not the anomalous situation which resulted from the trial court having granted a new trial on the cross-complaint to defendant B & B, the operator of Pacific's cars, thereby leaving Exley's judgment stand solely against Pacific, the owner of the cars, whose liability could be only a derivative one, requires the reversal of that judgment.