569 P.2d 1385

**George SIMKINS, a minor, Charles L. Simkins and Jeanne Simkins, husband and wife, Appellants,**

v.

**Monroe PULLEY and Lisbeth Ann Pulley, husband and wife, Appellees.**

**No. 1 CA–CIV 3299.**

Court of Appeals of Arizona, Division 1, Department A.

Sept. 27, 1977.

Johnson, Tucker, Jessen & Dake, P. A. by. G. Michael Jessen and Richard H. Oplinger, Phoenix, for appellants.

Kenneth Rosengren, Phoenix, for appellees.

## OPINION

HAIRE, Judge.

The primary contention urged on this appeal from consolidated actions in the Superior Court is that the trial judge abused his discretion when he granted motions for new trial relating to both actions because of inconsistent verdicts returned by the jury.

The actions involved personal injury claims of a City of Phoenix police officer and his two passengers for injuries resulting when the police officer swerved his patrol car off the road and collided with a palm tree. The swerve off the road resulted from the officer's successful attempt to avoid a collision with a vehicle driven by appellant George Simkins, who had made a left turn onto the roadway in front of the speeding patrol car.

Two lawsuits resulted. In one (hereinafter called the passengers' lawsuit) the two passengers sued the police officer, the City of Phoenix and Simkins, the minor driver of the other vehicle. In the other (hereinafter called the police officer's lawsuit), the police officer sued Simkins.[1] The two separate actions were consolidated prior to trial.

After the conclusion of evidence, the jury initially returned verdicts in the passengers' lawsuit as follows:

1. Other parties, including the vehicle manufacturer, were initially involved, but their identities are not pertinent to the issues presented on appeal.

(a) In favor of the passengers and against Simkins for $1 only.

(b) In favor of the passengers and against both the police officer and the City of Phoenix for $50,000 for passenger Pulley and $100,000 for passenger Eaton.

In the police officer's lawsuit, the jury returned a verdict in favor of the police officer and against Simkins, the other driver, for $18,000.

The trial judge informed the jury that the verdicts in the passengers' lawsuit against Simkins for $1 only, and against the City and the police officer for the substantial amounts mentioned above, were not legitimate because they indicated that the jury had apportioned damages. The court then sent the jury back to reconsider these verdicts. However, the verdict for the police officer against Simkins for $18,000 in damages was accepted as proper.

After a brief reconsideration, the jury returned the following verdicts in the passengers' lawsuit:

(a) For Simkins and against both of the plaintiff passengers.

(b) In favor of the passengers and against both the police officer and the City of Phoenix in the substantial amounts set forth above.

These verdicts were accepted and the jury was discharged.

Subsequently, the passengers, the City of Phoenix, the police officer and Simkins all moved for new trials. The Simkins' motion requested a new trial only as to the police officer's verdict against him. Among the new trial grounds urged by the passengers was the fact that the verdicts were inconsistent. They contended that the verdicts, rendered by one jury based upon one accident and one set of factual circumstances, were irreconcilable as to both law and fact; that in finding Simkins liable to the police officer, the jury determined that Simkins was the proximate cause of the accident. On the other hand, in finding for the passengers against the police officer and the City (but in favor of Simkins), the jury found that the police officer was the proximate cause of the crash. The trial judge granted a new trial in both actions, finding:

". . . the verdicts in the consolidated cases to be irreconcilable as a matter of law for the reason that the defendant SIMKINS cannot be found negligent as to Officer COOK and not negligent as to the passengers in the automobile driven by the defendant-officer COOK concerning the personal injuries suffered by the respective plaintiffs in the consolidated cases."

Although several appeals, including a cross-appeal, were initially filed, at this time the only parties remaining before this Court are those representing the interests of Simkins and Lisbeth Ann Pulley, one of the passengers.

■ In support of his contention that the trial judge abused his discretion in granting the passengers' motion for a new trial, Simkins presents the following question:

"1. Does Arizona law require that verdicts, in cases consolidated for trial, be consistent with each other even though inconsistent verdicts would have been entirely proper had the cases been tried separately?"

For the purpose of considering the above question, we will assume, as stated in appellant's question, that inconsistent verdicts[2] would have been entirely proper had these cases been tried separately with different juries. *See Spettigue v. Mahoney*, 8 Ariz. App. 281, 445 P.2d 557 (1968); *Cf. Di Orio v. City of Scottsdale*, 2 Ariz.App. 329, 408 P.2d 849 (1965). From this premise, appellant argues that separate actions retain their separate identities when consolidated for trial, and therefore the same rule should apply when inconsistent verdicts are rendered on the same evidence by the same jury in consolidated actions. Neither of the parties, nor this Court, have discovered any prior Arizona authority directly in point, although the question is touched upon in

---

2. Appellant admits, and it is indisputable, that no legal theory was advanced in this case un-

der which the verdicts here involved could be considered consistent.

*Eldredge v. Miller*, 78 Ariz. 140, 277 P.2d 239 (1955), in which the Arizona Supreme Court indicates, but does not hold, that inconsistent verdicts which are necessarily based on inconsistent findings of fact must both be set aside.

There is a conflict in the authorities cited to us from other jurisdictions, with perhaps the majority holding that such inconsistent verdicts cannot stand, notwithstanding the fact that the same verdicts would have been acceptable if rendered by different juries in separate actions. *E. g., Remy v. Exley Produce Express*, 148 Cal.App.2d 550, 307 P.2d 65 (1957); *Detrixhe v. McQuigg*, 316 P.2d 617 (Okl.1957); *Gladd v. Paslawski*, 157 Pa.Super. 489, 43 A.2d 570 (1945); *Milliken v. Smith*, 218 Tenn. 665, 405 S.W.2d 475 (1966).[3] *Contra, Brown v. Parker*, 217 Ark. 700, 233 S.W.2d 64 (1950); *Page v. Hamilton*, 329 S.W.2d 758 (Mo.1959).

In our opinion, the more sound approach is that stated in *Detrixhe v. McQuigg, supra*, holding that such inconsistent verdicts cannot stand:

"If these actions had been tried to separate juries the divergent results probably would not present grounds for reversal. The situation then would merely have pointed out a fact inherent in the jury system, that all human institutions lack perfection. But that such a circumstance might not be grounds for reversal where separate juries had been involved is not a persuasive argument for the proposition that one jury may render irreconcilable verdicts in actions consolidated for trial and thereby so obviously demonstrate its disregard of the court's instructions. The jury has an obligation, it is required to follow the law. Its disposition of an action is not left to the whimsey of the individual members." 316 P.2d at 619.

If separate juries have been involved, it is quite possible that the different juries would have differently assessed the credibility of the witnesses, and perhaps would have drawn different inferences from the facts where different inferences were permissible. These possible variations in results are always inherent possibilities when factual resolutions are submitted to different fact-finding bodies. But, where only one fact-finding body is involved, any such variations resulting in inconsistent verdicts can only be the result of the jury's caprice and whim, involving complete disregard of the court's instructions and the jury's duty.

■ We therefore conclude that the trial judge did not abuse his discretion in setting aside both verdicts and granting the motions for new trials. In arriving at this conclusion, we have considered and rejected appellants' secondary contentions that the parties, by emphasizing throughout this litigation the separate nature of the lawsuits, waived their right to object to the inconsistent verdicts.

Appellants request that in the event we affirm the granting of the motions for new trial, we consider an evidentiary point which is apt to occur upon re-trial. The trial court had granted a motion *in limine* preventing Simkins from introducing into evidence a document entitled "Interview Record of Unsatisfactory Performance" prepared by the police officer's superiors criticizing the police officer's judgment in responding to a call several miles away. Simkins contends that this should have been admitted as an admission by the City of Phoenix.

■ In our opinion the trial court correctly refused to admit this document into evidence at Simkins' request. Aside from questions of materiality, the report constituted inadmissible hearsay under the circumstances of this case. While the police officer sued Simkins and thus was a party opponent whose admission might be admissible, there was no contention that the review report constituted an admission *of the police officer* himself. The superior officers sitting on the review board obviously were not acting as agents of the police officer

---

**3.** *See also*, Annot. 66 A.L.R.3d 474, involving the validity of verdicts by the same jury in personal injury actions awarding damages to an injured spouse, but denying recovery to other spouse seeking collateral damages.

while sitting in that capacity. While arguably the report could have been considered as an admission *by the City of Phoenix,* Simkins asserted no claims against the City, nor did the City assert any claims against Simkins. Therefore the City of Phoenix was not a party opponent of Simkins, and the report could not be admitted into evidence at Simkins' request as an admission of a party opponent.

■ As a final contention, appellants urge that the trial judge erred in refusing to give an instruction as follows:

"When exceeding the speed limits, the driver of a police vehicle must give warning by siren of his approach to other drivers and pedestrians on the highway."

On this aspect of the litigation the trial judge instructed the jury in the language of A.R.S. § 28–624. We find no error. It is true, as contended by appellants, that in *Herderick v. State,* 23 Ariz.App. 111, 530 P.2d 1144, 1147 (1975), this Court in discussing the duty owed to other users of the highway, stated that when exceeding the speed limits a patrolman "*must* give warning by siren of his approach." (Emphasis added). This statement in *Herderick* was intended only as an illustration that under the statute a duty was owed to other drivers and pedestrians by the driver of an emergency vehicle, and not as an indication that the duty was absolute and unqualified as urged by appellants. Contrary to the "must" language set forth in appellant's proposed instruction, the language of the statute itself sets forth the parameters of the duty "as may be reasonably necessary". The jury was adequately instructed concerning the duty owed by the driver of the emergency vehicle under the provisions of A.R.S. § 28–624.

The order granting new trials in the consolidated actions is affirmed.

NELSON, P. J., and DONOFRIO, J., concur.